749 P.2d 941

**Ruby GARTIN; Frank Anzalone, Conservator for the Estate of Audrey Rae Gartin, a Minor, Plaintiffs Counterdefendants-Appellees,**

v.

**ST. JOSEPH'S HOSPITAL AND MEDICAL CENTER, an Arizona corporation, Defendant Counterclaimant-Appellant.**

**No. 1 CA–CIV 9388.**

Court of Appeals of Arizona, Division 1, Department C.

Feb. 2, 1988.

---

William F. Hyder, P.C. by William F. Hyder, Phoenix, for plaintiffs counter-defendants-appellees.

Gammage & Burnham by Richard K. Mahrle and Ellen Harris Hoff, Phoenix, for defendant counter-claimant-appellant.

## OPINION

SHELLEY, Presiding Judge.

Ruby Gartin, the mother of decedent Del Ray Gartin, and Frank Anzalone, the conservator of the estate of decedent's minor child, the plaintiffs herein, filed an action for declaratory relief, alleging that St. Joseph's Hospital and Medical Center [hereinafter St. Joseph's] where decedent was hospitalized before his death, had no right to the proceeds the plaintiffs were to receive from their settlement of an action for the decedent's wrongful death. St. Joseph's counterclaimed against the plaintiffs, seeking payment out of the wrongful death settlement for the balance due for decedent's hospitalization.

Both sides sought summary judgment upon the following stipulated statement of facts:

1. Del Ray Gartin was the natural son of Ruby Gartin, plaintiff herein, and the father of Audrey Rae Gartin, who is represented herein by her conservator, Frank Anzalone.

2. On November 19, 1983, Del Ray Gartin (Gartin) was shot in the head while at the home of Dennis and Anna Kohl in Phoenix, Arizona.

3. Gartin was taken to St. Joseph's Hospital and Medical Center for emergency treatment and surgery. He was hospitalized until January 18, 1984, when he was transferred to a nursing home. Gartin died on February 27, 1984.

4. While hospitalized at St. Joseph's, Gartin was provided medically necessary services which were billed at the hospital's customary and standard rates in a total amount of $35,382.05. The hospital has since received payment from other sources, leaving a balance due of $13,-931.69.

5. On January 23, 1984, St. Joseph's recorded its statutory hospital lien pursuant to A.R.S. § 33-931, et seq.

6. Plaintiffs herein filed suit against the Kohls in Maricopa County Superior Court for the wrongful death of Gartin, including allegations that the Kohls were negligent in causing Gartin's death.

7. The Kohls tendered the defense of the claim to State Farm Fire and Casualty Company, which had issued the Kohls a homeowner's policy with general liability coverage.

8. In December, 1985, State Farm offered to settle the litigation through payment to the plaintiffs of its $100,000 policy limits. In order to effect a settlement, the parties agreed to set aside the $13,931.05 in dispute and executed the settlement agreement attached hereto as Exhibit B.

9. The $13,931.05 has been placed in an interest bearing account and can only be distributed upon order of this Court.

Based on the facts and arguments presented, the trial court concluded that since the

entire settlement proceeds were being paid for damages suffered by the plaintiffs for the wrongful death of the decedent, the proceeds were not subject to St. Joseph's hospital lien.

St. Joseph's appeals, arguing that the hospital lien statutes and the wrongful death statutes should be interpreted to allow the hospital lien to attach to the wrongful death proceeds. The plaintiffs argue that the clear language of these statutes reveals that the legislature did not intend for a hospital lien to attach to the wrongful death proceeds when they are payable to wrongful death beneficiaries other than the decedent's estate, and that there is no room for construction or interpretation of the statute. We agree with the plaintiffs and uphold the trial court's ruling that the wrongful death proceeds payable to statutory beneficiaries in this case are not subject to the hospital lien.

Arizona provides a statutory cause of action for damages caused by the wrongful death of a person. *See* A.R.S. § 12–611 *et seq.* A.R.S. § 12–611 states that the person or corporation who would have been liable if death had not ensued shall be liable for damages notwithstanding the death of the person injured. A.R.S. § 12–612(A) provides:

> An action for wrongful death *shall be brought by and in the name of the surviving husband or wife* or personal representative of the deceased person *for and on behalf of the surviving husband or wife, children or parents,* or if none of these survive, on behalf of the decedent's estate. (Emphasis added)

A.R.S. § 12–613 then expressly provides that "[t]he amount recovered in such action shall not be subject to debts or liabilities of the deceased, unless the action is brought on behalf of the decedent's estate."

In the present case, there is no question but that the wrongful death proceeds were to be paid to statutory beneficiaries, the mother and minor child of the decedent, and not to the decedent's estate. Therefore, pursuant to A.R.S. § 12–613, the proceeds are not subject to the debts or liabilities of the decedent.

Presumably the reason the legislature would exempt wrongful death proceeds belonging to statutory beneficiaries from payment of the decedent's liabilities is because wrongful death damages compensate for the damages of the statutory beneficiaries as a result of the death, rather than for injuries suffered by the decedent himself. In distinguishing wrongful death actions from survival actions, which carry on the claim that the decedent would have had for his injuries, Division Two of this court stated in *Barragan v. Superior Court,* 12 Ariz.App. 402, 404–405, 470 P.2d 722, 724–725 (1970) (citation omitted):

> A wrongful death action is an original and distinct claim for damages sustained by the statutory beneficiaries and is not derivative of or a continuation of a claim existing in the decedent. A survival statute, on the other hand, does not create a new claim but merely prevents abatement of the injured person's claim and provides for its enforcement by his personal representative....
>
> ....
>
> ... [A] claim under the survival statute and a claim under the wrongful death statute are separate and distinct notwithstanding they originate from the same wrongful act. The former permits recovery for the wrong to the injured person and is confined to his personal loss while the latter is for the wrong to the beneficiaries, confined to their loss because of the death. The latter begins where the former ends and recovery on both is not a double recovery for a single wrong but rather separate recoveries for different wrongs.

St. Joseph's argues that despite the language in A.R.S. § 12–613 exempting wrongful death damages payable to statutory beneficiaries from the decedent's debts, this language does not prevent a statutory hospital lien from attaching to these proceeds. St. Joseph's argues that this is so because the hospital lien statutes, A.R.S. § 33–931 *et seq.,* should be read as imposing a lien upon all claims for damages recoverable from the person or entity who

injured the decedent no matter who the damages are payable to.

We disagree with St. Joseph's contention. St. Joseph's misconstrues the clear language of A.R.S. § 33–931. That statute provides for the hospital to have a lien "upon any and all claims *for damages accruing to the person to whom hospital service is rendered, or to the legal representative of such person,* on account of injuries giving rise to such claims and which necessitated such hospitalization." (Emphasis added.) This language does not authorize a lien upon claims for damages accruing to "any person from the tort-feasor." Instead, the lien is expressly limited to claims against the tort-feasor only for damages accruing to the person receiving the hospital services or to his legal representative. Nothing in the language of the other statutory sections making up the hospital lien statutes broadens the clear language of A.R.S. § 33–931 which limits the lien to claims accruing to the person receiving hospital services or his legal representative. Statutory liens cannot be extended by the court to cases not provided for by the statute. *Fishback v. Foster,* 23 Ariz. 206, 209, 202 P. 806, 807 (1922).

St. Joseph's argues that since the term "legal representative" used in A.R.S. § 33–931 is not defined, then it should be interpreted to include the wrongful death statutory beneficiaries. We disagree. Since the statutory beneficiaries of a wrongful death proceeding recover for their own damages rather than for damages to the decedent, there is no basis for claiming that they are legal representatives of the decedent. The term "legal representative" used in A.R.S. § 33–931 obviously refers to someone who would be legally entitled to make claims on behalf of the injured person such as his guardian or conservator.

St. Joseph's points to the salutary purpose behind allowing hospital liens, that of encouraging hospitals to give emergency treatment to save injured people by providing some security for payment for those services. *Baylor University Medical Center v. Borders,* 581 S.W.2d 731 (Tex.App.

1979). St. Joseph's argues that hospital lien statutes are particularly appropriate in the State of Arizona where private hospitals are required by law to provide emergency medical services to anyone without regard for his ability to pay. *Thompson v. Sun City Community Hospital, Inc.,* 141 Ariz. 597, 688 P.2d 605 (1984); *Guerrero v. Copper Queen Hospital,* 112 Ariz. 104, 537 P.2d 1329 (1975). St. Joseph's argues that statutes providing for reimbursement to hospital for emergency medical care, including hospital lien statutes, should be liberally construed so as to encourage treatment of anyone regardless of ability to pay.

St. Joseph's, however, fails to take into account the rule that there is no room for construction or interpretation of statutes where the language is plain and unambiguous. *See, e.g., Continental Casualty Company v. Industrial Commission,* 113 Ariz. 116, 547 P.2d 470 (1976); *Ernst v. Collins,* 81 Ariz. 178, 302 P.2d 941 (1956). Both the Arizona hospital statutes and wrongful death statutes are clear and unambiguous providing for no attachment of the hospital lien to damages payable to the statutory wrongful death beneficiaries.

We note that in *Tarrant County Hospital District v. Jones,* 664 S.W.2d 191 (Tex. App.1984), where a similar question was presented, the Texas court reached the same decision after studying both its hospital lien statutes and wrongful death statutes. The court stated:

It is well settled that there are two separate and distinct causes of action which may arise when injuries wrongfully inflicted result in death. One is a common law action to recover damages for the personal injuries which resulted in the decedent's death. Pursuant to the Survival Statute, this cause of action may be asserted on behalf of the decedent's estate. The specific types of damages which may be recovered under the statute include consciousness of impending death and physical pain and suffering, and medical and funeral expenses.

The other cause of action is a suit for wrongful death which is a right of action

conferred by the Death Statute upon the surviving husband, wife, child and parents of the decedent. The measure of recovery for wrongful death has nothing to do with the injuries sustained by the decedent, but is rather the monetary value of the benefit that the plaintiff reasonably expected to receive from the defendant had he not been killed. Since Article 5506a permits hospital liens to attach only in cases where a recovery for personal injury is sought, it clearly does not allow such a lien to attach to a judgment or award for wrongful death.

Further, permitting a hospital lien to attach to a wrongful death award would violate Article 4675 of the Death Statute. Tex.Rev.Civ.Stat.Ann. art. 4675 (Vernon 1952). Article 4675 specifically provides that damages recovered in a wrongful death action "shall not be liable for the debts of the deceased." An article 5506a hospital lien, however, attaches to an award in order to satisfy hospital bills which are clearly the debts of the deceased. If article 5506a permitted a hospital lien to attach to a wrongful death award, the hospital would be using the award to pay the debts of the deceased. Such a result would conflict with the plain intention of article 4675.

664 S.W.2d at 195 (citations omitted).

St. Joseph's argues that the Texas court misconstrued its hospital lien statute in concluding that hospital liens attach only in cases where a recovery for personal injury is sought. We find no reason to conclude that the Texas court misconstrued its statute. Even if it did, however, the Arizona hospital lien statute definitely limits its application to claims for the injuries of the person to whom the hospital services are rendered. Therefore the reasoning of the Texas court in *Tarrant* is applicable to this case.

St. Joseph's asserts that the Arizona legislature could not have intended to make the hospital's right to collect on its lien dependent upon whether the patient lives or dies. St. Joseph's argues that that would be the result if its lien does not attach to the wrongful death proceeds.

We do not agree that the legislative decision not to allow a hospital lien to attach to wrongful death proceeds belonging to the statutory beneficiaries necessarily prevents the hospital from recovering on its lien where the injured person dies. St. Joseph's, in this case, appears to be paying little heed to the fact that Arizona has a survival statute as well as wrongful death statutes. A.R.S. § 14–3110 provides:

Every cause of action, except a cause of action for damages for breach of promise to marry, seduction, liable, slander, separate maintainance, alimony, loss of consortium or invasion of the right of privacy shall survive the death of the person entitled thereto or liable therefore, and may be asserted by or against the personal representative of such person, providing that upon the death of the person injured, damages for pain and suffering of such injured person shall not be allowed.

Since the statute provides that every cause of action except those listed survives a person's death, it is clear that a cause of action for negligence would survive with the express exception that damages for pain and suffering of the decedent would not be allowed. In *Barragan*, 12 Ariz.App. at 404, 470 P.2d at 724, this court pointed out that survival statutes provide for recovery of damages sustained by the deceased party from the time of accident until his death and include damages in the nature of hospital and medical expenses. *Barragan* held that except where the wrongful death beneficiary has paid the hospital and medical expenses, these expenses are recoverable in the survival action, not the wrongful death action. *Id.* at 405, 470 P.2d at 725.

It is clear from the record that the entire settlement proceedings were for a wrongful death claim and not for a survival action. For the reasons stated previously, St. Joseph's is not entitled to relief against the wrongful death statutory beneficiaries. The trial court correctly determined that the settlement proceeds are properly payable to the decedent's mother and the conservator for his minor daughter and that they are not subject to the hospital lien.

## ATTORNEY'S FEES ON APPEAL

The appellees have requested an award of attorney's fees on appeal pursuant to Rule 25, Arizona Rules of Civil Appellate Procedure, and A.R.S. § 12–341.01. Arizona Revised Statutes § 12–341.01 is clearly inapplicable, as this case did not arise out of contract between the parties to this appeal. We decline to award attorney's fees on appeal pursuant to Rule 25, Arizona Rules of Civil Appellate Procedure.

Affirmed.

KLEINSCHMIDT and GRANT, JJ., concur.