596 So.2d 1078 (1992)
ORLANDO REGIONAL MEDICAL CENTER, INC., Appellant,
v.
ESTATE OF Edward M. Heron, IV, Deceased, Appellee.
No. 91-848.
District Court of Appeal of Florida, Fifth District.
February 28, 1992.
Rehearing Denied April 24, 1992.
H. Scott Bates and Michael A. Paasch of Mateer, Harbert & Bates, P.A., Orlando, for appellant.
Rod Helmers of Echevarria & Helmers, Tampa, and Terry S. Nelson of Goldberg, Goldstein & Buckley, P.A., Ft. Myers, for appellee.
DAUKSCH, Judge.
This is an appeal from an order denying a hospital lien against proceeds of a settlement of a wrongful death action. We affirm.
Appellant, the hospital ("ORMC"), claims it is entitled to be paid by appellees, the parents of the deceased, for treatment given to their child in his last days. ORMC asserts it is entitled to a portion of the money to be paid for settlement of the parents' wrongful death action against the tort-feasor.
The legislature authorized county ordinances in home rule counties to establish hospital lien rights. Ch. 71-29, Laws of Fla. (1971). Orange County adopted the following:
Every individual, partnership, firm, association, corporation, institution and governmental unit, and every combination of any of the foregoing, operating a hospital in Orange County, Florida, or any governmental agency paying for hospital charges or medical treatment of individuals in Orange County, Florida, shall be entitled to a lien for all reasonable charges for such hospital care, treatment and maintenance of all ill or injured persons upon any and all causes of action, suits, claims, counterclaims and demands accruing to the persons to whom such care, treatment or maintenance was furnished, or accruing to the legal representatives of such persons, and upon all judgments, settlements and settlement agreements rendered or entered into by virtue thereof, on account of illness or injuries giving rise to such causes of action, suits, claims, counterclaims, *1079 demands, judgments, settlements or settlement agreements and which necessitated or shall have necessitated such hospital care, treatment, and maintenance. The above mentioned lien shall be limited to the lesser of the following: reasonable charges for care and treatment or the net amount of settlement or judgment after deducting costs of procuring the settlement or judgment. (emphasis supplied).
Orange County Code, Chapter 17, Article II, Section 17-17.
ORMC urges that the words "any and all causes of action ..." includes both actions by the estate of a decedent and actions by the survivors of a decedent in a wrongful death action.
We agree with the trial court and appellee that proceeds from a wrongful death action are not, and should not be, included within the ordinance establishing the lien rights. The simple reason is that the elements of a wrongful death action do not include an award for medical expenses and thus the proceeds of such settlement do not include money for that. A wrongful death action is not to collect for injuries to or expenses of the decedent; it is to recompense the survivor for their own losses, separate from their departed loved-one.
The estate of the decedent, in any action it might bring against the tort-feasor is entitled to recover for medical expenses, so it is against those proceeds the hospital lien can only attach. § 768.21(6)(b), Fla. Stat. (1989). This being a case of first impression in Florida, we can cite to no local caselaw, but from other jurisdictions we find support. In American Family Mutual Ins. Co. v. Ward, 774 S.W.2d 135 (Mo. 1989) (en banc), Missouri law provided a hospital lien on the personal injury claims of the "patient or to his attorneys or heirs or legal representatives as compensation for the injury sustained." § 430.250, Mo. Rev. Stat. (1986). The Supreme Court of Missouri rejected the argument that the lien attached to wrongful death settlement proceeds:
The references to heirs or legal representatives does not expand the nature of the lien or enlarge the class of claims or suits subject to the lien. The references to "heirs" and "legal representatives" provide for the situation where the injured person asserted a claim or brought an action but later dies.
774 S.W.2d at 138.
In Gartin v. St. Joseph's Hospital and Medical Center, 156 Ariz. 32, 749 P.2d 941 (1988), the court held that wrongful death proceeds payable to statutory beneficiaries were not subject to the hospital's statutory lien for outstanding balances arising from care of the decedent. Arizona Revised Statutes § 33-931 provided for the hospital to have a lien "upon any and all claims for damages accruing to the person to whom hospital service is rendered, or to the legal representatives of such person, on account of injuries giving rise to such claims and which necessitated such hospitalization." The court rejected the argument that "legal representative" should be interpreted to include the wrongful death statutory beneficiaries:
Since the statutory beneficiaries of a wrongful death proceeding recover for their own damages rather than for damages to the decedent, there is no basis for claiming that they are legal representatives of the decedent. The term "legal representative" used in A.R.S. § 33-931 obviously refers to someone who would be legally entitled to make claims on behalf of the injured person such as his guardian or conservator.
749 P.2d at 944.
Tarrant County Hospital District v. Jones, 664 S.W.2d 191 (Tex. Ct. App. 1984), cited by the court in Gartin, supra, also supports the conclusion that ORMC's lien only attaches to the recovery by the estate, and not to the recovery by the parents. The lien in Tarrant attached to "any and all rights of action ... of any persons admitted to any hospital and receiving treatment, care and maintenance therein, on account of any personal injuries received" and "to any verdict ... award, judgment or final order made or rendered in any action or proceeding ... in any suit ... brought by such injured persons, by *1080 any person entitled thereto in case of death of such injured person ..." 664 S.W.2d at 194. The court held that the lien did not attach to a wrongful death damages:
It is well settled that there are two separate and distinct causes of action which may arise when injuries wrongfully inflicted result in death ... One is a common law action to recover damages for the personal injuries which resulted in the decedent's death ... [T]his cause of action may be asserted on behalf of the decedent's estate. The specific types of damages which may be recovered under the statute include consciousness of impending death and physical pain and suffering ... and medical and funeral expenses ...
The other cause of action is a suit for wrongful death, which is a right conferred by [statute] upon the surviving husband, wife, child, and parent of the decedent ... The measure of recovery for wrongful death has nothing to do with the injuries sustained by the decedent, but is rather the monetary value of the benefit that the plaintiff reasonably expected to receive from the decedent had he not been killed.
664 S.W.2d at 195.
In Board of Trustees of the University of Alabama v. Harrell, 43 Ala.App. 258, 188 So.2d 555 (1965), cert. den., 279 Ala. 685, 188 So.2d 558 (1966), the court held that a hospital lien did not attach to a judgment for wrongful death damages. Alabama's hospital lien provided in part a lien for "all reasonable charges for hospital care ... upon any and all causes of action ... accruing to the legal representatives of such person." Tit. 33, § 83. Alabama Code. The hospital argued that it was contemplated that the injured person might die from his injuries and that the cause of action would accrue in favor of the legal representatives, and that, therefore, the lien attached to wrongful death proceeds. The court rejected this argument:
"Legal representative" has been construed to have varied meanings. "The term is not always used in its technical sense, nor always with reference to the estate of a decedent; it may be used not to refer to executors or administrators. It is not necessarily restricted to personal representatives of one deceased, but is sufficiently broad to cover every person who, with respect to his property, stands in his place and represents his interests, whether transferred to him by his act or by operation of law." 52 C.J.S. Legal p. 1040.
* * * * * *
The provision in the hospital lien statute pertaining to "legal representatives" can be reasonably construed to apply in cases where the injured person survives but because of his minority or incompetency the action is brought by his guardian or other "legal representative."
188 So.2d at 557-558.
In sum, three of the above courts have rejected ORMC's argument that the reference to "legal representatives" in a hospital lien mandates that the lien attach to such wrongful death awards as the settlement the parents received in this case.
ORMC also complains that the $33,238.17 awarded to the estate of the decedent was proportionally allocated to the creditors of the estate, despite the fact that ORMC was the only creditor of the estate with a lien on the estate's settlement proceeds. ORMC argues that this was error and that no proceeds should have been allocated to the other claimants until its lien was satisfied. See Dade County v. Perez, 237 So.2d 781 (Fla.3d DCA 1970); Dade County v. Bodie, 237 So.2d 553 (Fla. 3d DCA 1970). We find this argument waived on appeal, since our examination of the record reveals that ORMC did not argue to the court that it had a right of preference over the other creditors of the estate, but instead persisted in its claim that its lien attached to the wrongful death proceeds. In particular, we note ORMC in its objection to the proposed settlement argued:
... as to the other health care providers who have claims in the Estate, since there exists sufficient money by way of settlement to fully fund the Estate, this Court should so rule and allow the Probate Judge to apply the appropriate standard to each individual pending claim, so as to allow all health care providers to be fully compensated for their services prior *1081 to a distribution of the remaining funds to the parents.
Finally, ORMC suggests the allocation of comparative negligence between the tortfeasor and the decedent was incorrect. That determination of the parties, the estate and the tortfeasor was not challenged by ORMC on any fraud or collusion basis but was merely deemed "arbitrary" by ORMC. The trial judge did not err in this regard and we note that the judge went beyond his duty to ensure fairness by requesting a review and an opinion by a recognized expert in personal injury law in order to make sure the settlement was fair. Charles T. Wells, Esquire, was appointed an attorney ad litem by the court and he gave his opinion that the fifty percent allocation of responsibility of each party to the accident was reasonable, along with other legal opinions to assist the court in making its judgment. We find nothing in the record to cause us to disagree with the allocation of fault and certainly nothing to indicate collusion or fraud. ORMC had the opportunity to intervene in the tort action to contest the allocation of fault and did not do so. The later complaint about this matter was at least untimely.
AFFIRMED.
W. SHARP, and PETERSON, JJ., concur.