CAMPBELL, Judge.
Appellant, the personal representative of the estate, argues that the trial court improperly allowed appellee’s child support claims to be taken out of the $35,000 settlement from the survivors’ wrongful death action. We agree.
There were two actions filed here: A wrongful death action and a probate action. Each was assigned to a different court division and was given a different case number. The wrongful death petition did not include any claim on behalf of the estate, nor did the personal representative’s subsequent petitions include requests on behalf of the estate.
Appellee, the deceased’s former wife and the mother of two of his children, filed her claim for back child support in the probate case. Since the estate apparently had no assets, any proceeds from the wrongful death action would be the only funds available. The probate court ordered the back child support payments to be paid out of the $35,000 wrongful death settlement. We conclude that this was error.
In Orlando Regional Medical Center, Inc. v. Heron, 596 So.2d 1078, 1079 (Fla. 5th DCA 1992), rev. denied, 604 So.2d 487 (Fla.1992), the Fifth District held:
[T]he elements of a wrongful death action do not include an award for medical expenses and thus the proceeds of such settlement do not include money for that. A wrongful death action is not to collect for injuries to or expenses of the decedent; it is to recompense the survivor for their own losses, separate from their departed loved-one.
The Heron court refused to allow a hospital lien for a decedent’s last treatment to reduce the amount of the wrongful death proceeds. The court held that such a lien would only attach to a recovery by the estate itself, not to an award to survivors.
The Heron court quoted with approval the following taken from Tarrant County Hospital District v. Jones, 664 S.W.2d 191, 195 (Tex.Ct.App.1984): “The measure of recovery for wrongful death has nothing to do with the injuries sustained by the decedent, but is rather the monetary value of the benefit that the plaintiff reasonably expected to receive from the decedent had he not been killed.” 596 So.2d at 1080.
Since the proceeds from a wrongful death action are not for the benefit of the estate, they are thus not subject to estate claims. They are the property of the survivors and are compensation for their loss, separate from the decedent’s loss. The claim here for back child support was filed in the estate action and was properly a debt of the estate, not of the survivors. Since this was a no-asset estate, it is an unfortunate result that these children will lose the back child support. However, they will share in the proceeds of the wrongful death claim.
Since we reverse the trial court order and direct that the child support claim is only *317 cognizable against the estate, we need not address appellant’s other issues.
RYDER, A.C.J., and DANAHY, J., concur.