871 So.2d 947 (2004)
Annette C. SCOTT, the mother, Appellant,
v.
The ESTATE OF Todd Barrett MYERS, Appellee.
No. 1D02-4617.
District Court of Appeal of Florida, First District.
March 31, 2004.
*948 Gordon P. Scott, Havana, for Appellant.
Richard E. Benton, Tallahassee, for Appellee.
HAWKES, J.
The decedent's mother, Appellant, Annette Scott, appeals from the trial court's order requiring portions of estate administrative costs, in particular payment of funeral expenses, to be paid from the survivors' wrongful death action recovery. We reverse.
Scott's son, Todd Myers, and his friend, Micheal Gruver died in an automobile accident in a vehicle driven by Gruver in which Myers was a passenger. Myers' will named Gruver beneficiary, and Gruver's daughter, Courtney Gruver, contingent beneficiary if Gruver failed to survive him. Other than Gruver and Ms. Gruver, Myers made no provision for any other person, including his mother, Scott.
Scott paid Myers' funeral expenses, and filed a claim for the expenses against Myers' estate. No objection to this claim was made. The only liquid assets of Myers' estate was a bank account containing $126,486.46, $25,000.00 of which derived from the policy limits of Myers' UM policy and $100,000.00 of which derived from Gruver's UM policy, which Gruver's insurer tendered without litigation. The personal representative filed a wrongful death suit against Gruver's estate but, after investigation, determined the estate had no additional assets to justify expenditure of additional Myers' estate assets to pursue the survivors' wrongful death claim.
The personal representative tendered the $125,000.00 proceeds from both UM policies to Myers' parents, the only survivors under the wrongful death statute, and proposed to settle the wrongful death action against the Gruver estate without further action. Scott objected to terminating the wrongful death action and demanded the personal representative continue to pursue the survivors' claims. Scott also sought to have the personal representative removed. The dispute centered on the likelihood of recovering additional compensation for the survivors, not whether the survivors had additional uncompensated damages.
Due to the dispute between the personal representative and Scott, the trial court ordered mediation, which ended unsuccessfully. Ultimately, the trial court satisfied Scott's claim against the estate for funeral expenses by allocating a portion of the wrongful death proceeds already tendered as a survivors' benefit as estate satisfaction of the funeral expense claim. By ordering satisfaction of the funeral expenses claim to be paid from the survivors' wrongful death proceeds, the trial court erred.
In a wrongful death action, the personal representative has an obligation to recover damages sustained by both the survivors and the estate. See § 768.20, Fla. Stat. (2001). The types of damages recoverable by the estate and the survivors are enumerated by statute. See § 768.21, Fla. Stat. (2001). However, the damages allowed the estate are separate and distinct from damages recoverable by the deceased's survivors. See Fla. Crushed Stone Co. v. Johnson, 546 So.2d 1102 (Fla. 5th DCA 1989). Proceeds from *949 a wrongful death action are not for the benefit of the estate, and are not subject to estate claims. See Estate of Barton v. Poole, 631 So.2d 315, 316 (Fla. 2d DCA 1994). Rather, they are the property of the survivors and compensation for their loss. See id. Accordingly, estate debts cannot be recovered from wrongful death proceeds recovered for survivors. See id. Under the wrongful death act, one form of damages a survivor may recover are funeral expenses paid by the survivor. See § 768.21(5), Fla. Stat. (2001).
Here, the personal representative made no attempt to allocate any part of the recovered wrongful death proceeds to Myers' estate to pay estate expenses, although allocation could have been explored under the rationale discussed in Estate of Wiggins v. Destin, 729 So.2d 523 (Fla. 4th DCA 1999), and no evidence exists that part of the recovery proceeds was for funeral expenses. Instead, there appears to be agreement that the survivors were not fully compensated for their loss, and if additional assets were recoverable, the survivors would be entitled to benefits from those proceeds. The personal representative concluded no part of the wrongful death proceeds should go to the estate, and determined the $125,000.00 payout of the combined UM policies should go to the survivors as partial compensation for their loss. Thus, a partial, unallocated recovery was made on behalf of the survivors. The trial court may not take unallocated proceeds from a partial recovery and allocate them in a way to fully satisfy some elements of damage and leave other elements unsatisfied.
A separate claim for funeral expenses, to which there was no objection, was made against the estate. The fact that Scott paid Myers' funeral expenses, and funeral expenses are one element of damages that may be recovered under the wrongful death act, does not preclude Scott from filing a claim against the estate unless she has been fully compensated for all of her losses under the wrongful death status. Either the trial court's decision to sua sponte allocate a portion of the previously tendered proceeds to the survivors impermissibly enriches the estate, or the trial court extinguished Scott's unobjected to claim, reducing the wrongful death award to which she is entitled. Either would be error.
The trial court's award of funeral expenses from the wrongful death proceeds is REVERSED, and the case REMANDED for entry of an order reinstating Scott's claim for funeral expenses against the estate.
VAN NORTWICK and PADOVANO, JJ., concur.