BAUMANN, HERBERT J., JR., Associate Judge.
 

 The Hartford Insurance Company (“Hartford”) appeals an order determining that it has no right to assert a workers’ compensation lien on settlement proceeds recovered in a wrongful death action. The personal representative of the estate of Gregory Allen Goff, Jr. (“the Estate”), brought the wrongful death action on behalf of the Estate and on behalf of the survivors of Gregory Allen Goff, Jr. Because we conclude that Hartford has a right to attempt to establish its lien against the proceeds attributable to the Estate’s claims in that action, we reverse and remand for further proceedings.
 

 On April 26, 2000, Gregory Allen Goff, Jr., was severely injured in a work-related accident while in the course and scope of his employment with Irrigation Masters of South Florida, Inc. (“Irrigation Masters”). As a result, Hartford, Irrigation Masters’ workers’ compensation carrier, paid workers’ compensation benefits to Mr. Goff to
 
 *772
 
 taling $865,853.92. Mr. Goff was single and had no children.
 

 On February 15, 2002, Mr. Goff filed a personal injury action with respect to his work-related accident against Irrigation Masters; Conquest Development USA, L.L.C. (“Conquest”), a contractor involved in the project on which he was injured; and Michael Belyea, the owner of Irrigation Masters. Hartford filed a notice of payment of workers’ compensation benefits in that action pursuant to section 440.39(3)(a), Florida Statutes (2001), thereby asserting its lien against any proceeds Mr. Goff recovered in that action.
 

 On June 26, 2003, Mr. Goff died from his injuries before his personal injury action went to trial. Thereafter, the personal representative of the Estate, Gregory Allen Goff, Sr., filed a third-amended complaint pursuant to section 768.21, Florida Statutes (2001),
 
 [1]
 
 asserting claims on behalf of the Estate, including a claim for loss of earnings, and claims on behalf of the survivors, the parents of Gregory Allen Goff, Jr. Ultimately, the personal representative settled the claims against Conquest for $250,000 and the claims against Irrigation Masters and Mr. Belyea for $100,000. As a condition of those settlements, the personal representative released the defendants from liability for all claims arising from Mr. Goffs work accident. The personal representative specifically agreed to satisfy any existing workers’ compensation lien from the settlement proceeds and to indemnify the defendants with respect to any such lien.
 

 Hartford contends it has a right to assert a lien pursuant to section 440.39(3)(a), which provides in pertinent part as follows:
 

 In all claims or actions at law against a third-party tortfeasor, the employee, or his or her dependents or those entitled by law to sue in the event he or she is deceased, shall sue for the employee individually and for the use and benefit of the employer, if a self-insurer, or employer’s insurance carrier, in the event compensation benefits are claimed or paid;
 
 and such suit may be brought in the name of the employee, or his or her dependents or those entitled by law to sue in the event he or she is deceased, as plaintiff or, at the option of such plaintiff, may be brought in the name of such plaintiff and for the use and benefit of the employer or insurance carrier, as the case may be.
 
 Upon suit being filed, the employer or the insurance earner; as the case may be, may file in the suit a notice of payment of compensation and medical benefits to the employee or his or her dependents, which notice shall constitute a lien upon any judgment or settlement recovered to the extent that the court may determine to be their pro rata share for compensation and medical benefits paid or to be paid under the provisions of this law, less their pro rata share of all court costs expended by the plaintiff in the prosecution of the suit including reasonable attorney’s fees for the plaintiff’s attorney.
 

 (Emphasis added.) Thus, section 440.39(3)(a) permits a workers’ compensation carrier to assei’t a lien with respect to benefits it has paid on behalf of an injured employee. However, as in this case, the scope of recovery under Florida’s Wrongful Death Act is broader than the scope of the carrier’s lien.
 

 Under the Wrongful Death Act, the personal representative is the party who seeks recovery of all damages caused by the injury resulting in death for the
 
 *773
 
 benefit of the decedent’s survivors and for the estate. The personal representative must bring a single action to recover damages for all beneficiaries. Damages are to be awarded to the survivors and to the estate in accordance with the parameters of recovery set by section 768.21.
 

 Cont'l Nat’l Bank v. Brill,
 
 636 So.2d 782, 784 (Fla. 3d DCA 1994) (citations omitted). Further, the recovery of damages by the survivors is distinct and separate from the recovery of damages by an estate under section 768.21.
 
 See Coon v. Cont'l Ins. Co.,
 
 511 So.2d 971, 974 (Fla.1987) (holding that the workers’ compensation carrier’s lien at issue in that case did not attach to the surviving children’s separate settlement with the third-party tortfeasors in a wrongful death action).
 

 Also, the Florida courts recognize that the survivors’ claims in a wrongful death action are for their sole benefit and that creditors of the estate may not settle their claims against the survivors’ recovery.
 
 See Scott v. Estate of Myers,
 
 871 So.2d 947, 948-49 (Fla. 1st DCA 2004) (recognizing that the damages allowed the estate under section 768.21 are separate and distinct from those recoverable by the survivors and that “estate debts cannot be recovered from wrongful death proceeds recovered for survivors”);
 
 In re Estate of Barton v. Poole,
 
 631 So.2d 315, 316 (Fla. 2d DCA 1994) (noting that a hospital lien could not reduce the amount of wrongful death proceeds from the survivors’ wrongful death action, but that “such a lien would only attach to a recovery by the estate itself’);
 
 Orlando Reg'l Med. Ctr., Inc. v. Heron,
 
 596 So.2d 1078, 1079 (Fla. 5th DCA 1992) (noting that the decedent’s estate may recover medical expenses in any action it might bring against the tort-feasor and that the hospital’s lien could attach to those proceeds);
 
 see also Coon,
 
 511 So.2d at 973-74 (affirming application of workers compensation carrier s lien to proceeds of recovery by the personal representative on behalf of the estate).
 

 Thus, under the facts of this case, we conclude that Hartford should be given the opportunity to proceed to a hearing as contemplated by section 440.39(3)(b) to assert its lien against those settlement proceeds attributable to the Estate’s claims, but not to those proceeds attributable to the survivors’ claims. Accordingly, we reverse the order on appeal and remand for further proceedings. On remand, the trial court, in its sound discretion, must ensure that the settlement proceeds are apportioned between the Estate and the survivors in a reasonable and equitable manner, which may require an evidentiary hearing.
 
 See In re Estate of Wiggins v. Destin,
 
 729 So.2d 523, 525-26 (Fla. 4th DCA 1999) (affirming the trial court’s adoption of the personal representative’s proposed apportionment that set forth a reasonable and equitable method of distribution and which was supported by competent and substantial evidence). Following apportionment of the settlement proceeds, Hartford should be permitted to assert its lien, as appropriate, against those proceeds attributable to the Estate as set forth in section 440.39(3)(a).
 

 Reversed and remanded.
 

 NORTHCUTT, C.J., and CASANUEVA, J., Concur.
 

 [1]
 

 . Sections 768.16-768.27 constitute the Florida Wrongful Death Act. § 768.16.