DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOHN PITCHER,**
Appellant,

v.

**OLGA WALDO,** individually, and as Personal Representative of the
Estate of **CHRISTINA PITCHER,** deceased, for and on behalf of the
Estate and survivors thereof,
Appellee.

Nos. 4D13-3110 and 4D13-3809

[March 25, 2015]

Consolidated appeals from the Circuit Court for the Seventeenth
Judicial Circuit, Broward County; Charles M. Greene, Judge; L.T. Case
Nos. 11-4207 and 07-2021.

Reid Moore, Jr., Palm Beach, for appellant.

Kerri C. Smith and David Zappitell of Zappitell Law Firm, P.L., Delray
Beach, for appellee.

PER CURIAM.

Appellant challenges a final summary judgment in which the probate
court determined that it was without jurisdiction to decide appellant's
petition for declaratory judgment. Appellant had filed the petition in the
probate proceedings of his deceased daughter, claiming entitlement to a
greater portion of a jury award to survivors in a wrongful death suit filed
by the mother, as personal representative of the daughter's estate. He
alleged that he had an agreement with the mother to share any award to
survivors 60/40. A jury awarded the mother $1,000,000 as a survivor but
awarded only $100,000 to the appellant. It awarded no recovery to the
daughter's estate. Appellant sought relief pursuant to section 733.815,
Florida Statutes (2012), which provides that interested persons can agree
to alter their shares of property *from an estate.* That statute is
inapplicable, because the estate had no assets. Although a wrongful death
claim must be brought by the personal representative of the estate of the
deceased, the survivor's claims are for their survivors' sole benefit and do
not become part of the estate. *See* § 768.21, Fla. Stat. (2012); *Hartford*

*Ins. Co. v. Goff,* 4 So. 3d 770, 773 (Fla. 2d DCA 2009). As the alleged agreement was between the father and mother but not the estate, the trial court correctly concluded that it had no jurisdiction to adjudicate the dispute.

*Affirmed.*

WARNER, MAY and GERBER, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***