PER CURIAM.
Appellant challenges a final summary judgment in which the probate court determined that it was without jurisdiction to decide appellant’s petition for declaratory judgment. Appellant had filed the petition in the probate proceedings of his deceased daughter, claiming entitlement to a greater portion of a jury award to survivors in a wrongful death suit filed by the mother, as *423 personal representative of the daughter’s estate. He alleged that he had an agreement with the mother to share any award to survivors 60/40. A jury awarded the mother $1,000,000 as a survivor but awarded only $100,000 to the appellant. It awarded no recovery to the daughter’s estate. Appellant sought relief pursuant to section 733.815, Florida Statutes (2012), which provides that interested persons can agree to alter their shares of property from an estate. That statute is inapplicable, because the estate had no assets. Although a wrongful death claim must be brought by the personal representative of the estate of the deceased, the survivor’s claims are for their survivors’ sole benefit and do not become part of the estate. See § 768.21, Fla. Stat. (2012); Hartford Ins. Co. v. Goff, 4 So.3d 770, 773 (Fla. 2d DCA 2009). As the alleged agreement was between the father and mother but not the estate, the trial court correctly concluded that it had no jurisdiction to adjudicate the dispute.

Affirmed.

WARNER, MAY and GERBER, JJ., concur.