**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MedCath Employment Health Care Plan, | No.    15-15267 |
| Plaintiff-Appellant, | |
| v. | D.C. No.<br>CV-14-08099-PCT-NVW |
| Dustin Stratton, et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Argued and Submitted February 14, 2017
San Francisco, California

Before:  GOULD and BERZON, Circuit Judges, and GARBIS,[**] District Judge.

MedCath Incorporated Health Care Plan ("the Plan"), which is governed by

ERISA, 29 U.S.C. § 1001 *et seq.*, asserts a right of subrogation to settlement

proceeds from a wrongful death action brought by the surviving children and

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Marvin J. Garbis, United States District Judge for the District of Maryland, sitting by designation.

mother of Ms. Tracie Stratton. *See* 29 U.S.C. § 1132(a)(3). The Plan appeals the district court's order dismissing its complaint with prejudice for failure to state a claim. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

**1.** Ms. Stratton was insured by the Plan and, prior to her death, filed a medical malpractice claim in state court for alleged negligent care. After Ms. Stratton died, the Stratton family intervened in Ms. Stratton's suit and replaced the medical malpractice claim with a wrongful death action pursuant to Arizona Revised Statutes § 12-612(A). The Plan was notified of this action and did not seek to intervene to present a claim on behalf of Ms. Stratton's estate (the "Estate") as subrogee. The family eventually settled its claim.

We agree with the district court's conclusion that the Plan's contractual rights of subrogation do not apply to the settlement received by the family because the settlement did not compensate the family for Ms. Stratton's injuries or medical expenses. *See Barragan v. Super. Ct. of Pima Cty.*, 470 P.2d 722, 725 (Ariz. Ct. App. 1970) ("[W]here a death statute provides a new right of action, not based on survival, and makes no specific provision for recovery of medical expenses, they are not recoverable by a beneficiary unless he has paid them or is liable therefor."); *see also Gartin v. St. Joseph's Hosp. & Med. Ctr.*, 749 P.2d 941, 943–44 (Ariz. Ct. App. 1988) (holding that a decedent's liabilities,

2

including a hospital lien to secure payment for services, do not attach to settlement proceeds paid for a wrongful death claim not brought on behalf of the decedent's estate). A wrongful death action is "original and distinct," not a "continuation of a claim existing in the decedent." *Barragan*, 470 P.2d at 724. Thus the Plan is not entitled to any part of the family's recovery and has failed to state any ERISA claim.

**2.** The Plan also argues that its right of subrogation remains against the Estate; however, the Plan did not allege that the Estate received any settlement proceeds. The Estate was not a party to the wrongful death action, nor did it continue the medical malpractice action under the Arizona survival statute.

**3.** The district court correctly held that further amendment would be futile. The Plan was put on notice that the Estate was not continuing the survival action on behalf of Ms. Stratton. Pursuant to the terms of the subrogation provision, the Plan then had the opportunity to present a claim in the Estate's place. *See* Medical, Prescription Drug and Vision Plan at 51 ("This assignment allows the Plan to pursue any claim that the Covered Person may have, whether or not the Covered Person chooses to pursue that claim."). The Plan failed to exercise its right to pursue a claim for medical expenses on behalf of the Estate in state court.

3

Any amendment to the complaint in this case could not cure that failure, and so would be futile.

**AFFIRMED.**