# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

_____

CITY OF SARASOTA, a political subdivision of the State of Florida;
OFFICER JUAN JAIMES; and OFFICER ADAM ARENA,

Appellants,

v.

JOANNE SOUCY, as personal representative of the Estate of
John Kaafi, deceased, o/b/o Joanne Soucy; the Estate of
John Kaafi; and the minor children, J.S. and Y.S.,

Appellees.

No. 2D2023-0248

_____

August 14, 2024

Appeal pursuant to Fla. R. App. P. 9.130 from the Circuit Court for
Sarasota County; Stephen Walker, Judge.

Bradley S. Bell and Philip A. Beach of Bell Law Group, P.A., Tampa, for
Appellants.

Anthony J. Manganiello, III, of Icard, Merrill, Cullis, Timm, Furen &
Ginsburg, P.A., Sarasota, for Appellees.

PER CURIAM.

Affirmed.

KHOUZAM and BLACK, JJ., Concur.
CASANUEVA, J., Concurs with opinion.

CASANUEVA, Judge, Concurring.

I concur with the panel's resolution of the instant appeal. I write to discuss an issue which arises when the Florida Wrongful Death Act interacts with the requirements under section 768.79, Florida Statutes (2022), providing for an offer of judgment and demand for judgment.

In my view, an issue arises because section 768.79 requires service upon a party, and the Florida Wrongful Death Act requires that the only permitted litigant to act as plaintiff in a wrongful death proceeding is a decedent's personal representative. As such, the personal representative is the only party with authority to accept a statutory proposal for settlement. Survivors are not parties in a wrongful death proceeding, although the Florida Wrongful Death Act demands that each survivor's claim be identified and set forth in the operative pleading.

## I. Background

This appeal stems from an incident in 2015 where John Kaafi was a passenger in a vehicle which was stopped for a suspected nonfunctioning taillight. During the encounter, Mr. Kaafi was arrested and allegedly sustained injuries due to the use of excessive force by two officers with the Sarasota Police Department. Mr. Kaafi was brought to jail where he became incoherent. The Department called an ambulance, but Mr. Kaafi died two days later.

Mr. Kaafi's mother, Joanne Soucy, as personal representative, filed a wrongful death action against the City of Sarasota (the City), Officer Juan Jaimes, and Officer Adam Arena. Ms. Soucy brought the claim on

2

behalf of herself, the Estate of John Kaafi, and two minor children, J.S. and Y.S.  Each of the three defendants sent a proposal for settlement to each party named in the operative complaint—a total of twelve proposals. The three proposals directed to the Estate were addressed to Ms. Soucy, as personal representative.  The remaining nine were addressed to the individual survivors, as plaintiffs.  Ms. Soucy, as personal representative, accepted the three proposals for settlement directed to the Estate. However, an issue arose as to whether the acceptance of the proposals for settlement directed to the Estate precluded the remaining survivors from further litigating their claims.

## II.  Discussion

"Because wrongful death actions did not exist at common law, all claims for wrongful death are created and limited by Florida's Wrongful Death Act."  *Cinghina v. Racik*, 647 So. 2d 289, 290 (Fla. 4th DCA 1994). The Florida Wrongful Death Act consists of sections 768.16 to 768.26. And in examining the pertinent sections of the Florida Wrongful Death Act, we adhere to the "supremacy-of-text principle"—that is, "[t]he words of a governing text are of paramount concern, and what they convey, in their context, is what the text means."  Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 56 (2012).

Section 768.20 defines who may be a proper party plaintiff under the Florida Wrongful Death Act.  The section expressly commands that a wrongful death action "shall be brought by the decedent's personal representative."  And as the only permissible plaintiff, the personal representative is further tasked with "recover[ing] for the benefit of the decedent's survivors and estate all damages, as specified in this act, caused by the injury resulting in death."  § 768.20.  To assist a defendant, section 768.21 identifies the damages allowable and requires

3

that "[a]ll potential beneficiaries of a recovery for wrongful death, including the decedent's estate, shall be identified in the complaint, and their relationship to the decedent shall be alleged."  Thus, while the personal representative is the only plaintiff in a wrongful death action, the survivors and beneficiaries still maintain their independent interests.  As this court has observed, "survivors' claims in a wrongful death action are for their sole benefit."  *Hartford Ins. v. Goff*, 4 So. 3d 770, 773 (Fla. 2d DCA 2009).

In 1986, the legislature created the "offer of judgment," interchangeably referred to as the "proposal for settlement," when it promulgated section 768.79.  Ch. 86-160, § 58, Laws of Fla.  Its purpose was to "reduce litigation costs and conserve judicial resources by encouraging the settlement of legal actions."  *Kuhajda v. Borden Dairy Co. of Ala., LLC*, 202 So. 3d 391, 395 (Fla. 2016) (quoting *Attorneys' Title Ins. Fund, Inc. v. Gorka*, 36 So. 3d 646, 650 (Fla. 2010)).  Section 768.79(1) provides that "[i]n any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred" when certain conditions are met.  Certainly, an action filed pursuant to the Florida Wrongful Death Act is a civil action for damages to which section 768.79 applies.

But the statute in its current form plainly discusses the rights and duties it creates in terms of *parties*.  Section 768.79(1) suggests that only a "plaintiff" or "defendant" may make an offer of judgment that would trigger rights or duties under the statute.  To make a valid offer, the "plaintiff" or "defendant" must "[n]ame the party making [the offer] and the party to whom [the offer] is being made," § 768.79(2)(b), and must

4

state the offer's total amount, § 768.79(2)(d).  And the offer must be "served upon the party to whom it is made."  § 768.79(3).  The statute then goes on to explain when and how the right to obtain attorney's fees arises if the "plaintiff" or "defendant" to whom the offer is made does not accept the offer.  § 768.79(7).[1]

However, as discussed above, each claimant in a wrongful death suit is not, by and large, a "party," "plaintiff," or "defendant" that would have the ability to either proffer an offer of judgment or accept or reject one offered to them under section 768.79.

Over two decades ago, when speaking on proposals for settlement, this court observed that the "rule intends for a proposal for judgment to be as specific as possible, leaving no ambiguities so that the recipient can fully evaluate its terms and conditions."  *Lucas v. Calhoun,* 813 So. 2d 971, 973 (Fla. 2d DCA 2002) (citing *United Servs. Auto. Ass'n v. Behar,* 752 So. 2d 663, 665 (Fla. 2d DCA 2000)).  In *Gorka,* our supreme court opined that precedent revealed the following principle:

> [A]n offer of judgment must be structured such that either offeree can independently evaluate and settle his or her respective claim by accepting the proposal irrespective of the other parties' decisions.  Otherwise, a party's exposure to potential consequences from the litigation would be dependently interlocked with the decision of the other offerees.

36 So. 3d at 650.  In my view, this rationale ought to be applied in actions under the Florida Wrongful Death Act.  One only need substitute the holder of a claim for damages—a survivor—in place of party and

---

[1] "Section 768.79 is implemented by Florida Rule of Civil Procedure 1.442 ('Proposals for Settlement')."  *Willis Shaw Express, Inc. v. Hilyer Sod, Inc.,* 849 So. 2d 276, 278 (Fla. 2003).  The rule, like the statute, uses the terms "party," "plaintiff," and "defendant" in describing the obligations and duties created by section 768.79.

offeree to empower the survivor to make his or her own governing decision.

## III.  Conclusion

Keeping in mind that the avowed purpose of the proposal for settlement framework is to end judicial labor and not to create more, *Lucas*, 813 So. 2d at 973, I would respectfully suggest a textual modification to the statute in question.  Pursuant to the statutory proposal of settlement, a beneficiary/survivor in an action under the Florida Wrongful Death Act should be deemed to be a party for the limited purpose of responding to a proposal for settlement, and for purposes of the statutory sanction, be solely liable where necessary.  Such a change in the statute would add a measure of clarity to the statute's operation and function.

_____

Opinion subject to revision prior to official publication.