470 P.2d 722

**Wilfred G. BARRAGAN, individually and as Guardian of the Persons and Estates of Trina Liz, Edward, Carmen, Chuy Wilfred and Gloria Barragan, minors, and as Administrator of the Estates of Jesus Barragan, Deceased, and Delia Licon Barragan, Deceased, Petitioner,**

v.

**The SUPERIOR COURT OF Arizona, PIMA COUNTY, Alice Truman, a Judge thereof, and Trinidad B. Acosta, Respondents.**

No. 2 CA–CIV 825.

Court of Appeals of Arizona, Division 2.

June 29, 1970.

Chandler, Tullar, Udall & Richmond, by Robert S. Tullar, Tucson, for petitioner.

William T. Healy, Tucson, for respondent Acosta.

HOWARD, Chief Judge.

On May 8, 1970, in this special action, we granted petitioner relief from a superior court order denying his motion to substitute him as the party plaintiff in a pending lawsuit.[1] Barragan v. Superior Court of Arizona, 12 Ariz.App. 200, 469 P.2d 92 (filed May 8, 1970). A motion for rehearing was timely filed by the respondent real party in interest, Trinidad B. Acosta,[2] and,

after consideration of the matter, this court has concluded that modification of our decision is necessary only as to the pending personal injury claim. However, we adhere to our decision that the trial court erred in denying the petitioner's motion to substitute him as the party plaintiff as to the pending wrongful death claim when it was made to appear of record that petitioner's son had died.

As we previously indicated, other jurisdictions do not consider their survival and wrongful death statutes as mutually exclusive remedies. See e. g. St. Louis, I. M. & S. R. Co. v. Craft, 237 U.S. 648, 35 S.Ct. 704, 59 L.Ed. 1160 (1915); Grant v. McAuliffe, 41 Cal.2d 859, 264 P.2d 944 (1953); Hopps' Estate v. Chestnut, 324 Mich. 256, 36 N.W.2d 908 (1949); Jordan v. St. Joseph Ry., Light, Heat & Power Co., 335 Mo. 319, 73 S.W.2d 205 (1934); Meinecke v. Intermountain Transp. Co., 101 Mont. 315, 55 P.2d 680 (1936); Kotkin v. Caprio, 65 N.J.Super. 453, 168 A.2d 69 (1961); Hoke v. Atlantic Greyhound Corporation, 226 N.C. 332, 38 S.E.2d 105 (1946); Klema v. St. Elizabeth's Hospital of Youngstown, 170 Ohio St. 519, 166 N. E.2d 765 (1960); Hale v. Hale, 426 P.2d 681 (Okl.1967); Schwab v. P. J. Oesterling & Son, Inc., 386 Pa. 388, 126 A.2d 418 (1956); Landers v. B. F. Goodrich Company, 369 S.W.2d 33 (Tex.1963); Giguere v. Rosselot, 110 Vt. 173, 3 A.2d 538 (1939). The salutary effect of such viewpoint is reflected by the following:

"The purpose of providing both actions is to give and preserve to the parties damaged a complete remedy and opportunity to recover the complete loss sustained because of the wrongful injury and death." 25A C.J.S. Death § 16, pp. 597–598.

In reliance on the obiter dictum of Quintero v. Continental Rent-A-Car System,

---

1. The lawsuit presented two claims—one for damages for the personal injuries sustained by the petitioner's son Jesus, and the other for damages for the death of Jesus' wife, both resulting from an auto-

mobile accident in Arizona. The motion to substitute was filed after Jesus died.

2. Trinidad B. Acosta was the temporary guardian of the estate of Jesus who instituted the lawsuit on his behalf.

Inc., 105 Ariz. 135, 460 P.2d 189 (1969), we held otherwise, i. e., when the plaintiff in the pending personal injury action died, the action abated and the wrongful death remedy was substituted therefor. We now believe that the *Quintero* language is inapposite to the facts of the instant case since Mrs. Quintero's decedent was killed instantaneously as a result of the accident upon which her claim was predicated.[3] Here we have a situation where the decedent was seriously injured in the accident and lived more than a year before death ensued. Thus we see that although the allegedly wrongful act resulted in death, two interests have been invaded, i. e., *that of the victim and that of the surviving beneficiaries.* St. Louis, I. M. & S. R. Co. v. Craft, supra; note, 44 Harvard Law Review 980.

One law review author points out that a confusion of the underlying principles of our modern survival and wrongful death statutes and an apparent inability to distinguish between the rights conferred thereunder "has developed a state of the law which could well be described as chaotic." Rights of Action Under Death and Survival Statutes, 23 Mich.Law Rev. 114. He points out that after the injury and before the death, the injured person had a right of action against the tort-feasor and if he did nothing to impair this right, it survives, by the terms of the survival act, to his personal representative. He also points out that under the terms of a wrongful death statute, a new cause of action springs into being or is crystallized from an inchoate right into a legal right immediately upon his death.

In general, a survival statute provides for recovery of damages sustained by the deceased party from the time of accident until his death. Such damages include expenses incurred, necessitated by the injuries, in the nature of hospital and medical expenses. Mahoning Valley Ry. Co. v. Van Alstine, 77 Ohio St. 395, 83 N.E. 601

(1908). If an action is prosecuted to successful conclusion under the survival statute, the resultant proceeds may be of no benefit whatever to those persons who would take by virtue of the wrongful death statute. This is so because the claim passes from the decedent to the personal representative and becomes one of the assets of the estate. The wrongful death statute, on the other hand, does not adequately protect creditors of the estate for if the named statutory beneficiaries are living, under A.R.S. § 12–613 the proceeds of a wrongful death action are exempt from creditors' claims. As one law review article points out, a wrongful death statute authorizes compensation to special persons for their special injury whereas a survival statute provides an action for the benefit of the decedent's estate, and its purpose is to prevent the tortfeasor's liability from ceasing upon the injured person's death. 6 N.H. Bar Journal 305 (1963–64).

A wrongful death action is an original and distinct claim for damages sustained by the statutory beneficiaries and is not derivative of or a continuation of a claim existing in the decedent. Van Sickel v. United States, 285 F.2d 87 (9th Cir. 1960). A survival statute, on the other hand, does not create a new claim but merely prevents abatement of the injured person's claim and provides for its enforcement by his personal representative. Grant v. McAuliffe, supra.

Our survival statute, A.R.S. § 14–477, provides:

"Every cause of action, except a cause of action for damages for breach of promise to marry, seduction, libel, slander, separate maintenance, alimony, loss of consortium or invasion of the right of privacy, *shall* survive the death of the person entitled thereto or liable therefor, and may be asserted by or against the personal representative of such person, provided that upon the death of the person injured, damages for pain and suf-

3. A description of the circumstances of the accident are reported in the case of

Christy v. Baker, 7 Ariz.App. 354, 439 P.2d 517 (1968).

fering of such injured person shall not be allowed." (Emphasis added)

Our wrongful death statute, A.R.S. § 12-611 provides:

"When death of a person is caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action to recover damages in respect thereof, then, and in every such case, the person who or the corporation which would have been liable if death had not ensued shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death was caused under such circumstances as amount in law to murder in the first or second degree or manslaughter."

We see that A.R.S. § 14-477 makes no distinction between situations where death results from the injury upon which the claim is predicated or from another cause. We thus find no indication of a legislative intent to make a wrongful death action the exclusive remedy in the former instance, i. e., when death results from the injury. The condition in A.R.S. § 12-611, supra, that the action could have been maintained by the deceased if death had not ensued, has reference not to the nature of the loss or injury but merely to the circumstances under which the injury arose and the nature of the wrongful act, neglect or default complained of. Cauverien v. De Metz, 20 Misc.2d 144, 188 N.Y.S.2d 627 (1959).

 We do not believe that the legislature intended to provide less than a complete remedy for losses sustained because of a wrongful injury and death. As a general rule, where a death statute provides a new right of action, not based on survival, and makes no specific provision for recovery of medical expenses, they are not recoverable by a beneficiary unless he has paid them or is liable therefor. 22 Am.Jur.2d Death § 128; 25A C.J.S. Death § 108a; McCormick on Damages § 102. We hold, therefore, that a claim under the survival statute and a claim under the wrongful death statute are separate and distinct notwithstanding they originate from the same wrongful act. The former permits recovery for the wrong to the injured person and is confined to his personal loss while the latter is for the wrong to the beneficiaries, confined to their loss because of the death. The latter begins where the former ends and recovery on both is not a double recovery for a single wrong but rather separate recoveries for different wrongs. St. Louis, I. M. & S. R. Co. v. Craft, supra.

██ We note, however, that the petitioner presented only evidence of his appointment as temporary administrator in Texas to support his motion for substitution. In the absence of statute, a representative of a decedent cannot sue in his representative capacity in a state other than that of his appointment. 34 C.J.S. Executors and Administrators § 1008a (1); Restatement, Conflict of Laws § 507. Although A.R.S. § 12-612 provides for maintenance of a wrongful death action by a foreign representative, we find no statutory counterpart as to maintenance of a pending personal injury action. The motion was therefore, properly denied as to the latter since the petitioner, not having been granted ancillary letters fiduciary, had no authority to administer his deceased son's estate in Arizona.

For the reasons herein stated, our prior decision is modified. The trial court is directed to enter an appropriate order granting the petitioner's motion to substitute him as the party plaintiff in the pending wrongful death action.

HATHAWAY, J., and JACK G. MARKS, Judge of the Superior Court, concur.

NOTE: Judge HERBERT F. KRUCKER having requested that he be relieved from consideration of this matter, Judge JACK G. MARKS was called to sit in his stead and participate in the determination of this decision.