**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DARRYL L. WYLAND,
Plaintiff-Appellee,

v.

No. 99-1501

STATE FARM FIRE AND CASUALTY
COMPANY,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CA-98-1373-A)

Argued: March 1, 2000

Decided: April 13, 2000

Before WILKINS, NIEMEYER, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Julia Bougie Judkins, TRICHILO, BANCROFT,
MCGAVIN, HORVATH & JUDKINS, P.C., Fairfax, Virginia, for
Appellant. Peter Stowell Everett, BLANKINGSHIP & KEITH, P.C.,
Fairfax, Virginia, for Appellee. **ON BRIEF:** Robert J. Stoney,
BLANKINGSHIP & KEITH, P.C., Fairfax, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Darryl Wyland brought this declaratory judgment action in the Eastern District of Virginia against his insurer, State Farm Fire and Casualty Company ("State Farm"). Mr. Wyland seeks to resolve whether an umbrella personal liability insurance policy issued to him by State Farm provides coverage for a wrongful death claim brought against him on behalf of his stepsons. The district court concluded that the umbrella policy provides such coverage and granted summary judgment in favor of Mr. Wyland. State Farm appeals the district court's ruling. Finding no error, we affirm.

I.

The underlying facts of this case are not in dispute. This insurance coverage action arises out of a wrongful death suit filed in Arizona on behalf of Mr. Wyland's two stepsons for injuries resulting to them from the death of their mother, Susan Wyland (Mr. Wyland's wife). On November 24, 1995, Mrs. Wyland was killed in an automobile accident in Arizona while riding as a passenger in a rental car operated by her husband. In 1997, the special administrator of Mrs. Wyland's estate brought suit against Mr. Wyland, pursuant to Arizona's wrongful death statute, on behalf of her two adult sons, David and Douglas Inglish.[1] The wrongful death action asserts that Mr.

_____

[1] The liability section of the Arizona wrongful death statute provides as follows:

> When death of a person is caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action to recover damages in respect thereof, then, and in every such case, the person who or the corporation which would have been liable if death had not ensued shall be liable to an action for

2

Wyland's negligence resulted in the wrongful death of their mother and caused each of her sons to suffer emotional injuries.

At the time of the fatal Arizona accident, Mr. Wyland was insured by State Farm under the umbrella policy providing $1,000,000 in liability coverage. The umbrella policy supplemented coverage provided to Mr. Wyland under several underlying insurance policies, including an automobile policy he had also purchased from State Farm. It is undisputed that the automobile policy provided Mr. Wyland $100,000 in coverage for liability arising from the Arizona automobile accident. The dispute here relates solely to whether the umbrella policy provides coverage for the wrongful death claim brought against Mr. Wyland on behalf of his stepsons.

II.

We review a grant of summary judgment de novo. See, e.g., Halperin v. Abacus Tech. Corp., 128 F.3d 191, 196 (4th Cir. 1997). Summary judgment is appropriate if "`there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.'" Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)).

State Farm's umbrella personal liability policy generally provides coverage if the "insured" is "legally obligated to pay damages" for "an accident . . . which results in bodily injury" during the policy period.[2] J.A. 99, 107. This umbrella policy, however, contains certain exclusions under which coverage is not provided. The issue before us is

_____

damages, notwithstanding the death of the person injured, and although the death was caused under such circumstances as amount in law to murder in the first or second degree or manslaughter.

Ariz. Rev. Stat. § 12-611.

[2] The coverage provided under the umbrella policy includes expenses incurred in the investigation, settlement, and defense of a claim covered by the umbrella policy. Based on Mr. Wyland's underlying automobile insurance policy, State Farm is already defending the Arizona wrongful death suit against him and has agreed to indemnify him under that policy.

3

whether one of those exclusions, Exclusion 10 (as amended by an endorsement),**3** permits State Farm to deny coverage for any damages awarded in the wrongful death suit against Mr. Wyland on behalf of his stepsons.**4** Under Exclusion 10, as amended, the umbrella policy does not provide coverage "for <u>bodily injury</u> . . . to the <u>named insured</u> [(Mr. and Mrs. Wyland)], spouse, or [certain residents of the Wylands' household]." J.A. 97, 108 (emphasis in original). This policy further defines "<u>bodily injury</u>" to include physical injury, emotional distress or mental injury to a person, and "death resulting therefrom." J.A. 107.

The district court concluded that, by its plain language, Exclusion 10 does not permit State Farm to exclude insurance coverage for the claimed injuries suffered by Mrs. Wyland's sons, because David and Douglas Inglish were not residents of the Wylands' household during the relevant period. It is undisputed that, in fact, the Wylands and Mrs. Wyland's sons resided in different states, separate and apart from each other.

State Farm argues that the claim on behalf of Mrs. Wyland's sons is properly excluded because, under Arizona law, Mrs. Wyland's death is the operative fact creating her sons' asserted right to recovery. <u>See</u> Ariz. Rev. Stat. § 12-611 (establishing a survivor's right to recovery if a wrongful act results in a death and the injured party

_____

**3** Under its exclusions, the umbrella policy, pursuant to its amending endorsement, does not provide insurance:

> 10. for <u>bodily injury</u> or <u>personal injury</u> to the <u>named insured</u>, spouse, or [certain residents of the <u>named insured</u>'s household].

> This exclusion also applies to any claim made or suit brought against [the <u>insured</u>] to share damages with or repay someone else who may be obligated to pay damages because of the <u>bodily injury</u> or <u>personal injury</u>.

J.A. 97, 108 (emphasis in original).
**4** Because we conclude that Exclusion 10 does not bar coverage in this case, we need not decide an issue raised by Mr. Wyland: whether Exclusion 10 is void under the law of Virginia (the state where the parties entered into the insurance contract).

4

could have maintained an action, had the decedent survived). In State Farm's view, its coverage for Mrs. Wyland's death is barred by Exclusion 10, and because her death is the "operative fact" in the wrongful death action, coverage for any damages awarded on behalf of her sons in the wrongful death action is likewise barred by Exclusion 10.

We disagree with State Farm's analysis. Under Arizona law, "[a] wrongful death action is an original and distinct claim for damages sustained by statutory beneficiaries and is not a derivative or continuation of claims existing in decedent . . . ." Halenar v. Superior Ct. for Maricopa County, 504 P.2d 928, 930 (Ariz. 1972) (en banc). The wrongful death action is not a survival claim based on injury to Mrs. Wyland; rather, it is an action based on her sons' own injuries, i.e., "the injur[ies] resulting from the death to the surviving parties." Ariz. Rev. Stat. § 12-613 (providing measure of damages for wrongful death statute). Put simply, survival actions and wrongful death actions seek separate recoveries for different wrongs, notwithstanding that they arise from the same wrongful act. See Barragan v. Superior Ct. of Pima County, 470 P.2d 722, 725 (Ariz. App. 1970). The Arizona wrongful death claim was filed on behalf of specific beneficiaries, i.e., Mrs. Wyland's sons, and this claim is unlike a survival claim that "passes from the decedent to the personal representative and becomes one of the assets of the estate." Id. at 724. We therefore conclude, as did the district court, that because the special administrator may properly bring a separate cause of action for emotional injuries (mental anguish) suffered by Mrs. Wyland's sons, that cause of action is covered by the umbrella policy at issue.[5]

_____

[5] State Farm also asserts that: (1) Benner vs. Nationwide Mutual Ins. Co., 93 F.3d 1228 (4th Cir. 1998) (deciding under Maryland law that coverage was excluded where the policy's plain language excluded coverage for damages "arising out of" various injuries to the claimant), requires reversal in this case; (2) the umbrella policy excludes coverage for Mr. Wyland, a named insured, and that it is actually Mr. Wyland, rather than his stepsons, who benefits from insurance coverage of the Arizona wrongful death action; and (3) the district court's ruling is flawed as a matter of public policy, because under the court's interpretation of the exclusion, coverage denial would be proper if the stepsons had been residents in the Wylands' home. We have carefully reviewed and considered each of these arguments and find each of them to be without merit.

III.

For the foregoing reasons, we conclude, having reviewed the issues de novo, that the district court properly granted summary judgment in favor of Mr. Wyland. <u>See Wyland v. State Farm Fire and Casualty Co.</u>, CA No. 98-1373-A (E.D. Va. Mar. 26, 1999). We therefore affirm the district court's declaratory judgment against State Farm.

<u>AFFIRMED</u>

6