237 P.3d 628

In the Matter of the ESTATE OF
Mary WINN, Deceased.

The Estate of Mary Winn, Deceased, by
and through its Personal Representa-
tive, George Winn, Plaintiff/Appellant,

v.

Plaza Healthcare, Inc., an Arizona corpo-
ration dba Plaza Healthcare; Plaza
Healthcare Scottsdale Campus, an Ari-
zona corporation dba Plaza Healthcare,
Defendants/Appellees.

No. 1 CA–CV 09–0649.

Court of Appeals of Arizona,
Division 1, Department C.

Aug. 10, 2010.

As Corrected Sept. 9, 2010.

Law Offices of David L. Abney By David
L. Abney, Phoenix, Attorneys for Plain-
tiff/Appellant.

Jones, Skelton & Hochuli, P.L.C. By Eileen Dennis Gilbride, David S. Cohen, Phoenix, Attorneys for Defendant/Appellee.

## OPINION

DOWNIE, Judge.

¶ 1 The Estate of Mary Winn ("appellant" or "the estate") appeals the superior court's ruling that it may not recover damages for the "inherent value" of Mary Winn's life in this suit brought pursuant to Arizona's Adult Protective Services Act ("APSA"). For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶ 2 Mary Winn died on February 6, 1999, after residing for less than a month in a nursing facility operated by Plaza Healthcare. In September 2003, a lawsuit was filed against the facility and its parent company ("appellees"), alleging, *inter alia*, abuse of a vulnerable adult pursuant to Arizona Revised Statutes ("A.R.S.") sections 46–454 and –455 (Supp. 1998).[1]

¶ 3 The estate filed a "Motion for Summary Judgment on the Value of Human Life as Recoverable in Damages." Conceding that Mrs. Winn was "ill and elderly ... long-retired and had no realistic earning capacity or potential," the motion argued that the estate nevertheless could recover damages under APSA for the "inherent or intrinsic value" of her life. After briefing and oral argument, the superior court denied appellant's motion ("July 2007 ruling").[2] Appellees subsequently moved for partial summary judgment, seeking a determination that the

estate could not recover for pre-death pain and suffering because there was no evidence of such damages. In response, the estate conceded there was "no evidence one way or the other on [Mrs. Winn's] pre-death pain and suffering." The superior court thus granted appellees' motion.

¶ 4 In August 2008, the estate filed an Arizona Rule of Civil Procedure 60(c) motion, seeking to set aside the July 2007 ruling. The superior court denied the motion and referred the case to compulsory arbitration because the estate conceded its remaining damages were less than $50,000. The arbitrator ruled in favor of appellees.[3] On August 13, 2009, the superior court filed its final judgment, and the estate timely appealed. We have jurisdiction pursuant to A.R.S. §§ 12–120.21(A)(1) and—2101(B) (2003).[4]

## DISCUSSION

¶ 5 The superior court concluded that APSA does not "provide[ ] for damages for the inherent value of a human life in the words 'actual damages' set forth in A.R.S. § 46–455(F)(4)."[5] We review this determination *de novo*. *See Burns v. Davis*, 196 Ariz. 155, 159, ¶ 4, 993 P.2d 1119, 1123 (App. 1999) (citing *Ashton–Blair v. Merrill*, 187 Ariz. 315, 317, 928 P.2d 1244, 1246 (App. 1996)).

¶ 6 When originally enacted, APSA criminalized abuse of an incapacitated or vulnerable adult. *In re Guardianship/Conservatorship of Denton*, 190 Ariz. 152, 155, 945 P.2d 1283, 1286 (1997). One year later, it was expanded to create a civil cause of action. *Id.* "The legislature thereby distinguished

1. Unless otherwise noted, all references to APSA are to the version in effect at the time the claim arose. When this action was filed, a seven-year statute of limitations applied to APSA claims. Ariz.Rev.Stat. § 46–455(I).

2. This Court dismissed an appeal from the July 2007 ruling, concluding that we lacked jurisdiction because the denial of summary judgment "did not resolve any of the claims alleged in the complaint."

3. Although the record is not entirely clear on this point, we assume that the arbitration award and ensuing judgment (the substance of which was agreed upon by the parties) were based on the

estate's failure to prove damages and not a determination that defendants were not liable.

4. The denial of a motion for summary judgment may be reviewed on appeal from a final judgment if the superior court denied the motion on a point of law. *Strojnik v. Gen. Ins. Co. of Am.*, 201 Ariz. 430, 433, ¶ 11, 36 P.3d 1200, 1203 (App.2001) (citations omitted) (citing *Hauskins v. McGillicuddy*, 175 Ariz. 42, 49, 852 P.2d 1226, 1233 (App.1992)). The motion for summary judgment at issue here raises a pure question of law.

5. This statutory provision is now found at A.R.S. § 46–455(H)(4) (Supp.2009).

civil actions for elder abuse from other personal injury actions and created a statutory civil cause of action for elder abuse." *Id.* (citing 1989 Ariz. Sess. Laws, ch. 118, § 1 (1st Reg. Sess.)).

¶ 7 Section 46–455(B) allows a vulnerable adult "whose life or health is being or has been endangered or injured by neglect, abuse or exploitation" to file an action in superior court against certain persons or enterprises. If liability is established, the court may order "the payment of actual and consequential damages, as well as punitive damages, costs of suit and reasonable attorney fees, to those persons injured." A.R.S. § 46–455(F)(4).

¶ 8 The relevant inquiry is not, as appellant posits, whether a human life such as Mrs. Winn's has inherent value. The issue is whether the loss of life is an "actual damage" that is compensable under APSA. Like the superior court, we conclude it is not.

¶ 9 When construing a statute, we first consider its language, which is "the best and most reliable index of the statute's meaning." *Zamora v. Reinstein,* 185 Ariz. 272, 275, 915 P.2d 1227, 1230 (1996) (citing *State v. Williams,* 175 Ariz. 98, 100, 854 P.2d 131, 133 (1993)). Courts "will not read into a statute something that is not within the manifest intent of the legislature as indicated by the statute itself." *City of Tempe v. Fleming,* 168 Ariz. 454, 457, 815 P.2d 1, 4 (App.1991) (citing *Town of Scottsdale v. State ex rel. Pickrell,* 98 Ariz. 382, 386, 405 P.2d 871, 873 (1965)). "Nor will we 'inflate, expand, stretch, or extend a statute to matters not falling within its express provisions.'" *Pickrell,* 98 Ariz. at 386, 405 P.2d at 873 (quoting *City of Phoenix v. Donofrio,* 99 Ariz. 130, 133, 407 P.2d 91, 93 (1965)).

■ ¶ 10 Actual damages in an APSA case may include pre-death pain and suffering. *See Denton,* 190 Ariz. at 157, 945 P.2d at 1288. Our supreme court has recognized that pre-death pain and suffering will often be the "most significant" category of damages in such cases because

> Persons bringing such cases usually will not have claims for lost earnings or diminution of earning capacity. Their medical

and other special damages will usually be covered by Medicare or other insurance. *Denton,* 190 Ariz. at 154, 945 P.2d at 1285.

¶ 11 If the legislature had intended to allow damages in an APSA case for the death of an individual, it presumably would have said so. *Cf. Estate of McGill ex rel. McGill v. Albrecht,* 203 Ariz. 525, 530–31, ¶ 20, 57 P.3d 384, 389–90 (2002) (finding the legislature "surely knows how to require a showing of gross negligence [in an APSA case], having used that term in a great number of statutes." (citing A.R.S. § 33–1551(C)(2))). Compare, for example, A.R.S. § 12–561(2) (2003), which defines a medical malpractice suit as "an action for injury *or death* against a licensed health care provider," and A.R.S. § 12–611 (2003), providing for liability when "death of a person is caused by wrongful act, neglect or default." (Emphasis added.)

■ ¶ 12 It is for the legislature to make policy decisions about the scope of recoverable damages in a statutory cause of action. *Cf. Bowslaugh v. Bowslaugh,* 126 Ariz. 517, 519, 617 P.2d 25, 27 (1979) (holding that a wrongful death action is "purely statutory in origin and we must adhere to the plain language of the statute, leaving any deficiencies or inequities to be corrected by the legislature." (citing *Lueck v. Superior Court (S. Pac. Co.),* 105 Ariz. 583, 585–86, 469 P.2d 68, 70–71 (1970), *superseded by statute on other grounds as stated in Hurt v. Superior Court (Bookbinder),* 124 Ariz. 45, 50, 601 P.2d 1329, 1334 (1979))). We will not question the wisdom, necessity, or soundness of policy of legislative enactments. *Phoenix Newspapers, Inc. v. Purcell,* 187 Ariz. 74, 79, 927 P.2d 340, 345 (App.1996) (citing *Shaw v. State,* 8 Ariz.App. 447, 452, 447 P.2d 262, 267 (1968)); *Vo v. Superior Court (State ex rel. Romley),* 172 Ariz. 195, 205, 836 P.2d 408, 418 (App.1992) (citing *Schrey v. Allison Steel Mfg. Co.,* 75 Ariz. 282, 286, 255 P.2d 604, 606 (1953)).

¶ 13 Had Mr. Winn filed a timely wrongful death action, he could have sought additional damages arising from his wife's death that are unavailable to the estate in these APSA proceedings. Specifically, A.R.S. § 12–613 (2003) provides:

In an action for wrongful death, the jury shall give such damages as it deems fair and just with reference to the injury resulting from the death to the surviving parties who may be entitled to recover, and also having regard to the mitigating or aggravating circumstances attending the wrongful act, neglect or default. The amount recovered in such action shall not be subject to debts or liabilities of the deceased, unless the action is brought on behalf of the decedent's estate.

See also Vasquez v. State, 220 Ariz. 304, 310, ¶ 16, 206 P.3d 753, 759 (App.2008) (allowable damages in a wrongful death action include "loss of love, affection, companionship, consortium, personal anguish and suffering."). The breadth of A.R.S. § 12–613 demonstrates that the legislature knows how to authorize wide-ranging damages when it chooses to do so.

¶ 14 At the time this action was filed, A.R.S. § 46–455(M) provided:

A civil action authorized by this section is remedial and not punitive and does not limit and is not limited by any other civil remedy or criminal action or any other provision of law. Civil remedies provided under this title are supplemental and not mutually exclusive.[6]

We have recognized that APSA "increase[d] the remedies available to and for elderly people who have been harmed by their caregivers" and that APSA's intent outweighs an inherent conflict between it and another statute. Mathews ex rel. Mathews v. Life Care Ctrs. of Am., Inc., 217 Ariz. 606, 609, ¶ 11, 177 P.3d 867, 870 (App.2008).

¶ 15 We are not, however, faced with conflicting laws in this case. The estate's APSA claim is not limited by "any other civil remedy" or "any other provision of law." It is the APSA statute itself that defines the measure of recoverable damages. The fact that no recovery can be made for the loss of Mrs. Winn's life is a result of the failure to file a timely wrongful death claim, not any limitation arising from non-APSA statutes or civil remedies. Further, consistent with A.R.S. § 46–455(M), the estate's APSA claim is "supplemental" to other causes of action, including a timely-filed wrongful death claim. See, e.g., Barragan v. Superior Court (Acosta), 12 Ariz.App. 402, 405, 470 P.2d 722, 725 (1970) (claims under the survival statute and claims under the wrongful death statute are separate and distinct, despite originating from the same wrongful act. "The former permits recovery for the wrong to the injured person and is confined to his personal loss while the latter is for the wrong to the beneficiaries, confined to their loss because of the death. The latter begins where the former ends . . . .").

■ ¶ 16 Finally, the fact that an APSA claim is not "limited or affected by the death of the incapacitated or vulnerable adult," A.R.S. § 46–455(N), does not support the estate's interpretation. Under APSA, a claim may be brought on behalf of the vulnerable adult-meaning that Mr. Winn, as personal representative, is entitled to assert claims that Mrs. Winn herself could have maintained. See In re Estate of Wyttenbach, 219 Ariz. 120, 126, ¶ 27, 193 P.3d 814, 820 (App.2008) ("A personal representative is permitted to bring a claim under the APSA on behalf of the incapacitated or vulnerable adult."). Mrs. Winn obviously could not personally sue for the loss of her own life. Her estate stands in no better position vis-à-vis such a claim.[7] Cf. James v. Phoenix Gen. Hosp., Inc., 154 Ariz. 594, 602–03, 744 P.2d 695, 703–04 (1987) ("Our law . . . giving the heirs or personal representatives of a deceased person a right of action for his death . . . could not, under any possible view, exist during or in the lifetime of the person wrongfully injured, for the very fact of his death . . . itself and alone creates or establishes the foundation for the exercise of the right to sue." (quoting Marks v. Reissinger, 35 Cal. App. 44, 47, 169 P. 243, 246 (1917))). Because the estate has not been deprived of any claim that Mrs. Winn herself could have

---

6. This provision is now found at A.R.S. § 46–455(O) (Supp.2009).

7. A wrongful death suit, on the other hand, is an original and distinct claim for damages sustained by the statutory beneficiaries and is not derivative or a continuation of a claim originating with the decedent. Barragan, 12 Ariz.App. at 404, 470 P.2d at 724.

maintained, the instant cause of action has not been "limited or affected" by her death.

## CONCLUSION

¶ 17 We recognize that APSA is a remedial statute that should be broadly construed to effectuate the legislature's purposes in enacting it. *See Estate of Braden ex rel. Gabaldon,* 585 Ariz. Adv. Rep. 23, 225 Ariz. 391, 238 P.3d 1265 (App.2010). "But the duty to liberally construe ... a statutory scheme requires judges 'to interpret the law to insure that what the law gives is not withheld'; it does not permit judges to act with 'free-handedness-largess' to alter, amend or expand the provision being construed." *Martin–Costa v. Kiger,* 225 Ariz. 157, 235 P.3d 1040 (Ariz.App.2010) (quoting *Nicholson v. Indus. Comm'n,* 76 Ariz. 105, 109, 259 P.2d 547, 549 (1953)). For the foregoing reasons, we affirm the judgment of the superior court.

CONCURRING: DONN KESSLER and PETER B. SWANN, Judges.