NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

LAURA PATRICIA RODRIGUEZ, et al.,
*Plaintiffs/Appellants*,

v.

JUSTIN ALEXANDER LYTLE, et al.,
*Defendants/Appellees*.

No. 1 CA-CV 20-0048
FILED 2-16-2021

Appeal from the Superior Court in Maricopa County
No.  CV2019-010440
The Honorable Teresa A. Sanders, Judge

**REVERSED AND REMANDED**

COUNSEL

Mick Levin, PLC, Phoenix
By Mick Levin
*Co-Counsel for Plaintiffs/Appellants*

Blake Law Firm, PC, Phoenix
By William W. Black
*Co-Counsel for Plaintiffs/Appellants*

Tyson & Mendes, LLP, Scottsdale
By Lynn M. Allen, Kimberly J. Sayre
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge D. Steven Williams joined.

---

**W E I N Z W E I G**, Judge:

¶1 Iran Gamez De La Garza, as personal representative for the Estates of Iran Gamez and Roger Gamez (collectively, the "Estates"), appeals the superior court's dismissal of their survival actions under Arizona Rule of Civil Procedure 12(c). We reverse and remand for additional proceedings consistent with this decision.

**FACTS AND PROCEDURAL BACKGROUND[1]**

¶2 In November 2017, Justin Lytle was driving his parent's car above the posted speed limit when he "became distracted" and struck two brothers crossing Tatum Boulevard in Phoenix. Fifteen-year-old Roger Gamez died at the scene from his injuries. Seventeen-year-old Iran Gamez was rushed to the hospital where he died a short time later.

¶3 This lawsuit followed against Justin and his parents (collectively, the "Lytles") for (1) wrongful death under A.R.S. § 12-612, and (2) economic loss on behalf of the Estates under A.R.S. § 14-3110, Arizona's survival statute.[2] The complaint identified different named plaintiffs for each claim:

- Roger and Iran's Mother—Laura Patricia Rodriguez Vazquez ("Mother")—asserted the wrongful death claims "on behalf of the statutory beneficiaries," seeking damages for the "lost . . . love, affection, companionship, care, protection, and guidance Iran and Roger provided to them," the "pain, grief, sorrow, anguish, stress,

---

[1] A complaint's well-pleaded factual allegations are taken as true under Rule 12(c). *Save Our Valley Ass'n v. Ariz. Corp. Comm'n*, 216 Ariz. 216, 218-19, ¶ 6 (App. 2007).

[2] Although the complaint was captioned "Wrongful Death," it stated that the Estates "bring their claims pursuant to A.R.S. 14-3110."

shock, and mental suffering" caused by their loss, and "funeral, burial, and memorial expenses."

- Roger and Iran's Father—Iran Gamez De La Garza ("Father")—asserted the asserted the survival statute claims on behalf of the Estates, seeking damages for their "economic loss[es], . . . which in present dollars is $306,755 for Iran, and $343,681 for Roger."

¶4 The Lytles moved to dismiss the Estates' survival claims under Rule 12(c) because "a decedent's estate may bring an action to recover damages only if the decedent is survived by neither parents, spouse nor children," and "since all of these damages occurred after the death, they are not recoverable under the survival statute." After oral argument, the superior court granted the motion, reasoning that (1) because the decedents' parents could recover damages for economic loss in their wrongful death action, they could not recover "these damages twice by filing [two] actions pursuant to different statutes," and (2) the Estates could not recover the decedents' economic damages that "occurred after the[ir] death[s] . . . under the survival statute." The Estates timely appealed. We have jurisdiction. *See* A.R.S. §§ 12-120.21(A) and -2101(A)(1).

## DISCUSSION

¶5 A Rule 12(c) motion "tests the sufficiency of the complaint, and judgment should be entered for the defendant if the complaint fails to state a claim for relief." *Giles v. Hill Lewis Marce*, 195 Ariz. 358, 359, ¶ 2 (App. 1999). Our review is de novo. *See Indus. Comm'n v. Old Republic Ins. Co.*, 223 Ariz. 75, 77, ¶ 6 (App. 2009) (dismissal under Rule 12(c) is reviewed de novo); *Swift Transp. Co. v. Ariz. Dep't of Revenue*, 249 Ariz. 382, 385, ¶¶ 13, 17 (App. 2020) (issues of statutory interpretation are reviewed de novo).

¶6 At issue here are the Estates' claims for economic damages under Arizona's survival statute, which provides:

> Every cause of action, except a cause of action for damages for breach of promise to marry, seduction, libel, slander, separate maintenance, alimony, loss of consortium or invasion of the right of privacy, shall survive the death of the person entitled thereto or liable therefor, and may be asserted by or against the personal representative of such person, provided that upon the death of the person injured, damages for pain and suffering of such injured person shall not be allowed.

A.R.S. § 14-3110.

¶7 First, the Estates argue the superior court erroneously concluded that "the minor decedents['] parents . . . cannot recover . . . these damages twice by filing [two] actions pursuant to different statutes," namely, the survival and wrongful death statutes. They contend that a wrongful death beneficiary's damages are "separate and distinct" from an estate's survival action damages. We agree. The survival statute, A.R.S. § 14-3110, empowers a "decedent's personal representative to pursue the decedent's personal injury claim against a tortfeasor," excluding damages for "pain and suffering" and "hedonistic damages." *Quintero v. Rodgers*, 221 Ariz. 536, 539 (App. 2009). The wrongful death statute, A.R.S. § 12-612, is "an original and distinct claim for damages sustained by the statutory beneficiaries and is not derivative or a continuation of a claim existing in the decedent." *See Barragan v. Superior Court*, 12 Ariz. App. 402, 404 (1970) (a wrongful death action "is for the wrong to the beneficiaries, confined to their loss because of the death"). As this court held in *Barragan*:

> [A] claim under the survival statute and a claim under the wrongful death statute are separate and distinct notwithstanding they originate from the same wrongful act. The former permits recovery for the wrong to the injured person and is confined to his personal loss while the latter is for the wrong to the beneficiaries, confined to their loss because of the death. The latter begins where the former ends and recovery on both is not a double recovery for a single wrong but rather separate recoveries for different wrongs.

*Id*.

¶8 The Estates next argue the superior court erroneously held that economic loss damages were not recoverable under the survival statute "since all of these damages occurred after the death[s]." We disagree. Although the survival statute's plain language preserves "[e]very cause of action," and does not exclude claims for economic loss, Arizona courts have interpreted the statute, since 1970, to limit the scope of economic damages to those "sustained . . . from the time of accident until his death." *Barragan*, 12 Ariz. App. at 404; *accord Martin v. Staheli*, 248 Ariz. 87, 92, ¶ 15 (App. 2019).

¶9 Nevertheless, we must reverse and remand the superior court's Rule 12(c) dismissal because the complaint (1) does not assert that the Estates' survival actions only seek economic loss damages suffered after Roger and Iran died, and (2) does not allege that either Roger or Iran died

instantly.[3]  In sum, because the Estates may pursue economic loss damages sustained "from the time of accident until [Iran's and Roger's] death," *see Barragan*, 12 Ariz. App. at 404, we remand for the superior court to consider whether such damages were incurred.

## CONCLUSION

**¶10**        We reverse the superior court's dismissal of the Estates' survival actions and remand for additional proceedings consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED:   AA

---

[3]      According to the complaint, Roger died at the accident scene and Iran died at the hospital.