NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 7 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

DANIEL MATUS, by and through personal representative estate of Arlene Matus,

    Plaintiff-Appellant,

    v.

KUSTOM US, INC., an Ohio corporation,

    Defendant-Appellee.

No.    23-16134

D.C. No. 4:22-cv-00502-JAS

MEMORANDUM[*]

---

Appeal from the United States District Court
for the District of Arizona
James Alan Soto, District Judge, Presiding

Argued and Submitted July 18, 2024
San Francisco, California

Before:  M. SMITH, BENNETT, and JOHNSTONE, Circuit Judges.

Arlene Matus was struck and killed by a truck driven by an employee of

Kustom US, Inc. ("Kustom").  Her estate ("the Estate") sued Kustom under

Arizona's survival statute, seeking $2,000 in damages for Matus's funeral

expenses and between $340,000 and $370,000 in damages for Matus's loss of

future earnings.  The district court dismissed the case for lack of subject matter

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

jurisdiction because it determined that future economic damages were unavailable under Arizona's survival statute, and the $2,000 in funeral expenses was insufficient to meet the amount in controversy requirement for diversity jurisdiction. The Estate now appeals, arguing that Arizona's survival statute allows for future economic damages. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

"We review the district court's grant of a motion to dismiss *de novo*." *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (quoting *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005)). "We also review de novo the district court's application of state law." *Judd v. Weinstein*, 967 F.3d 952, 955 (9th Cir. 2020).

1.     We affirm the district court's holding that future economic damages are unavailable under Arizona's survival statute, Ariz. Rev. Stat. § 14-3110.[1] "Federal courts are required to 'ascertain from all the available data what the state

---

[1] Arizona's survival statute provides:

> Every cause of action, except a cause of action for damages for breach of promise to marry, seduction, libel, slander, separate maintenance, alimony, loss of consortium or invasion of the right of privacy, shall survive the death of the person entitled thereto or liable therefor, and may be asserted by or against the personal representative of such person, provided that upon the death of the person injured, damages for pain and suffering of such injured person shall not be allowed.

Ariz. Rev. Stat. § 14-3110.

law is and apply it rather than to prescribe a different rule, however superior it may appear from the viewpoint of "general law" and however much the state rule may have departed from prior decisions of the federal courts.'" *Judd*, 967 F.3d at 955 (quoting *Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1266 (9th Cir. 2017)). "Where the state's highest court has not squarely addressed an issue, we must 'predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance.'" *Id.* at 955–56 (quoting *Lewis v. Tel. Emps. Credit Union*, 87 F.3d 1537, 1545 (9th Cir. 1996)).

Although the Arizona Supreme Court has not addressed whether Arizona's survival statute allows recovery of future economic damages, several Arizona Court of Appeals cases have held that the survival statute only allows for damages that accrued before death, and the Arizona Supreme Court has recently declined to review two of those decisions. *Barragan v. Superior Ct. of Pima Cnty.*, 470 P.2d 722, 724 (Ariz. Ct. App. 1970) ("In general, a survival statute provides for recovery of damages sustained by the deceased party from the time of accident until his death."); *Rodriguez v. Lytle*, No. 1 CA-CV 20-0048, 2021 WL 566293, at *2 (Ariz. Ct. App. Feb. 16, 2021) ("Arizona courts have interpreted the [survival] statute, since 1970, to limit the scope of economic damages to those 'sustained . . . from the time of accident until his death.'" (quoting *Barragan*, 470 P.2d at 724)),

3

*review denied* (Jan. 4, 2022); *Popal v. Beck*, No. 1 CA-CV 20-0346, 2022 WL 457363, at *3–4 (Ariz. Ct. App. Feb. 15, 2022) (agreeing with *Barragan* and *Rodriguez*), *review denied* (Aug. 23, 2022). And decisions by an intermediate appellate state court should not "be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *Herrera v. Zumiez, Inc.*, 953 F.3d 1063, 1069 (9th Cir. 2020) (quoting *West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 237 (1940)). "This is the more so where, as in this case, the highest court has refused to review the lower court's decision." *Id.* (quoting *Am. Tel. & Tel. Co.*, 311 U.S. at 237). We see no "other persuasive data," *id.*, that the Arizona Supreme Court would decide differently than *Barragan*, *Rodriguez*, and *Popal*.

2. Given that the Arizona Supreme Court has, in recent years, twice denied review on this question, we decline to exercise our discretion to certify it to that court. *Childress v. Costco Wholesale Corp.*, 978 F.3d 664, 666 (9th Cir. 2020) ("We invoke the certification process only after careful consideration and do not do so lightly." (quoting *Kremen v. Cohen*, 325 F.3d 1035, 1037 (9th Cir. 2003))).

**AFFIRMED.**