NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

SHERRI PELCHAT, *Plaintiff/Appellant,*

*v.*

BANNER HEALTH, et al., *Defendants/Appellees.*

No. 1 CA-CV 25-0183

FILED 11-24-2025

Appeal from the Superior Court in Maricopa County
No. CV2024-050296
The Honorable Melissa Iyer Julian, Judge

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED**

COUNSEL

Black Canyon Law, PLLC, Carefree
By Nakisa M. Azizi
*Counsel for Plaintiff/Appellant*

Broening Oberg Woods & Wilson, P.C., Phoenix
By Jay Fradkin, Kelley M. Jancaitis
*Counsel for Defendants/Appellees Matthew Stapleton*

Slattery Petersen L.L.C., Phoenix
By Elizabeth A. Petersen, Kaitlin F. Secker
*Counsel for Defendants/Appellees Banner Health*

---

## MEMORANDUM DECISION

Judge Andrew J. Becke delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Daniel J. Kiley joined.

---

**B E C K E**, Judge:

¶1        Sherri Pelchat appeals the superior court's dismissal of her wrongful death action arising from the death of her mother, Charlotte R. Bowman ("Decedent"), against Banner Health DBA Banner Boswell Medical Center, Banner Medical Group, Peter Fine, Rebecca Kuhn, Marjorie Bessel, Leigh Sydney Holdsworth, Joseph L. Peters, Jed Mohammad Bayasi, Jawad Jasser Issa Abukhalaf, Jorie Cantrell, Tasha Nicole McNutt ("Banner Health"), and Matthew Ryan Stapleton ("Dr. Stapleton") (collectively, "Defendants"). For reasons that follow, we affirm in part, vacate the dismissal order, and remand for further proceedings.

## FACTUAL AND PROCEDURAL HISTORY

¶2        Because the superior court dismissed this matter pursuant to a Rule 12(b)(6) motion, we "assume the truth of all well-pleaded factual allegations and indulge all reasonable inferences from those facts." *Coleman v. City of Mesa*, 230 Ariz. 352, 356, ¶ 9 (2012).

¶3        On October 17, 2021, Richard D'Ambrosia, Pelchat's husband, brought Decedent to a Banner Health emergency department complaining of left-arm pain resulting from a fall at home a few days earlier. Without D'Ambrosia's consent, Banner Health adjusted Decedent's oxygen settings and ordered X-rays and a CT scan. Decedent's chest x-ray showed "hazy airspace opacities consistent with infection, including [COVID-19]."

¶4        D'Ambrosia left the emergency department to pick up Pelchat. While he was away, Pelchat received a call from the hospital that Decedent had tested positive for COVID-19 and was being admitted. Pelchat asked that Decedent receive ivermectin and hydroxychloroquine, but Dr. Stapleton informed Pelchat he intended to administer remdesivir instead. Banner Health and Dr. Stapleton then overdosed Decedent on "sedatives, beta-blockers, calcium-channel-blockers, digoxin and other drugs" causing a "major cardiovascular event and/or neurologic injury," leading to her death on October 21, 2021. Banner Health and Dr. Stapleton

"fraudulently list[ed] pneumonia due to COVID-19 as the primary cause of death."

¶5        Pelchat requested Decedent's medical records from Banner Health on November 3, 2021 and received them in "mid-January 2022." Not until she reviewed these records did Pelchat learn Banner Health staff had placed Decedent on "remdesivir, heavy narcotics and other undisclosed drugs" during her stay. At that point, Pelchat "became concerned about the legality of [Banner Health's] conduct."

¶6        On January 23, 2024, Pelchat filed a complaint against Defendants alleging several survival actions including assault, battery, and false imprisonment, and several wrongful death claims including medical malpractice, negligence, and gross negligence.

¶7        Banner Health moved to dismiss her complaint, arguing her allegations were "barred by" the federal Public Readiness and Emergency Preparedness ("PREP") Act immunity, which provides immunity from liability for claims arising out of the "administration" or use of "covered countermeasure[s]" against COVID-19. 42 U.S.C. § 247d-6d(a)(1). Banner Health argued Pelchat's claims were barred because the "crux" of her complaint was the administration of remdesivir, a covered COVID-19 countermeasure. In the alternative, Banner Health argued Pelchat's wrongful death claims were barred by Arizona's two-year statute of limitations pursuant to A.R.S. § 12-542 and her survival actions were barred pursuant to A.R.S. § 14-3109. Dr. Stapleton joined in the motion.

¶8        In response, Pelchat argued her complaint was not wholly barred by the PREP Act, as it contained multiple claims of malpractice unrelated to "covered countermeasures" against COVID-19 and that the use of remdesivir was not the "crux" of her complaint. Pelchat also argued accrual did not occur, "at the very earliest, until she had a reasonable amount of time to procure an expert opinion on the medical records she received in January of 2022, almost precisely two years prior to the filing of her [c]omplaint." Pelchat further argued that, even if the superior court found as a matter of law her complaint was untimely, equitable tolling saved her claims and "Defendants [were] in no way prejudiced by any delay in the filing of [the] action."

**¶9**         Pelchat additionally asserted the statute of limitations for any COVID-19-related claims could not have begun to run, at the earliest, until September 19, 2023—the day this court held A.R.S. § 12-516 unconstitutional. *Roebuck v. Mayo Clinic*, 256 Ariz. 161 (App. 2023), *review granted in part* (Sept. 10, 2024), *vacated in part*, *Roebuck v. Mayo Clinic*, ___ Ariz. ___, ___, 575 P.3d 375, 385 (2025).

**¶10**         A.R.S. § 12-516 provided that health care professionals and institutions acting in good faith were not liable for damages arising from "services in support of" Arizona's response to the COVID-19 pandemic. A.R.S. § 12-516(A). Under the statute, health care professionals and institutions remained liable if they failed to act in good faith, or if a plaintiff showed by clear and convincing evidence that the health care provider or institution acted or failed to act due to willful misconduct or gross negligence. *Id.*

**¶11**         This court in *Roebuck* held A.R.S. § 12-516 unconstitutionally abrogated a plaintiff's right to sue for ordinary negligence. 256 Ariz. at 169, ¶ 29. The Arizona Supreme Court affirmed this holding with alternative reasoning in September 2025. *Roebuck*, ___ Ariz. at ___, ¶ 25, 575 P.3d at 385.

**¶12**         Pelchat argued her claims were not cognizable until after *Roebuck* invalidated "Defendants' purported immunity." And because the "lack of clarity in the law surrounding Defendants' immunity" created "confusion . . . amongst [the] attorneys" Pelchat consulted, she could not find an attorney nor a medical expert until December 2023.

**¶13**         Pelchat also argued Defendants engaged in fraudulent concealment when they "falsely led [Pelchat] to believe [Decedent's] cause of death was 'pneumonia due to COVID-19' . . . and 'intentionally delay[ed] release of Decedent's medical records.'" This alleged fraud tolled the statute of limitations until January 18, 2024, when Pelchat learned of Defendants' wrongdoing.

**¶14**         Although the superior court found Defendants were protected by immunity for injuries resulting from the administration of remdesivir, it declined to dismiss the entire complaint on the basis of the PREP Act. The court also found both parties "appear to misunderstand" A.R.S. § 14-3109 and how it affects the statute of limitations on Pelchat's survival actions. The court held that A.R.S. § 14-3110

> does not "create a new claim but merely prevents abatement
> of the injured person's claim and provides for its enforcement
> by h[er] personal representative." *Barragan v. Superior Court*,

12 Ariz. App. 402, [404,] 470 P.2d 722 (1970). As such, the limitations period applicable to survival claims is the same as it would be had the injured party survived. *Matter of Chase's Estate*, 125 Ariz. 270, 273 (App. 1980). The only distinction is that A.R.S. § 14-3109 tolls the accrual of a survival action for up to a year after death or the time when a personal representative is appointed, whichever occurs first.

¶15        Therefore, the superior court found dismissal of Pelchat's false imprisonment claim appropriate given the statute of limitations would have expired "even with the tolling permitted" under § 14-3109." Pelchat's assault and battery claims could not be dismissed because "it [was] not clear from the [c]omplaint when [Pelchat] was appointed as [Decedent's] personal representative. And if the assault and battery claims were tolled under the statute until October 21, 2022, then the claims for assault and battery would be timely as filed in late January 2024."

¶16        However, the superior court found Pelchat's wrongful death claims were time barred.

> [Pelchat] admits that she was provided with Decedent's medical records [in mid-January 2022] and "learned that [Defendants] had placed Decedent on [r]emdesivir, heavy narcotics and other harmful drugs" . . . [Pelchat] does not dispute that this gave her the requisite knowledge that "a wrong occurred and caused injury." In fact, this information caused her to seek legal counsel "for her assistance with her potential claims against Defendants."

¶17        The superior court disagreed that A.R.S. § 12-516 prevented Pelchat from filing suit. Even before *Roebuck*, § 12-516 permitted gross negligence claims and only barred ordinary negligence claims when the provider acted in good faith. Because Pelchat expressly asserted claims of gross negligence and pled that Defendants did not act in good faith, the court found no reason why Pelchat would believe § 12-516 operated as a bar to her claims.

¶18        The superior court also found neither Pelchat's inability to obtain counsel nor her delay in seeking review by a medical expert warranted applying equitable tolling. And because this court found A.R.S. § 12-516 unambiguous and clear, *see Roebuck*, 256 Ariz. at 166, ¶ 14, the court did not find Pelchat's argument about the "lack of clarity" in the law persuasive.

**¶19** As to Pelchat's allegations of fraudulent concealment, the superior court found the statute of limitations "would only be tolled *during* the period of concealment." Once Pelchat received the medical records, she was "aware of sufficient facts to trigger accrual" and could not "rely on fraudulent concealment as a basis for further delays."

**¶20** With the superior court's leave, Pelchat filed a first amended complaint ("FAC"). The FAC added several factual allegations and two survival actions: intentional infliction of emotional distress and unjust enrichment. Defendants moved to dismiss the FAC, arguing Pelchat lacked standing to bring any survival actions because she was never appointed personal representative of Decedent's estate and reasserting many of the same arguments from their first motion to dismiss concerning Pelchat's wrongful death claims.

**¶21** The superior court granted Defendants' motion to dismiss all Pelchat's claims. It reaffirmed its findings and orders regarding both the statute of limitations and PREP Act immunity and found Pelchat did not have standing to bring any survival actions because she was not Decedent's personal representative. And even if Pelchat had been appointed at that time, the statute of limitations on her survival claims had expired. The court entered final judgment and Pelchat timely appealed.

**¶22** We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), -2101(A)(1).

## DISCUSSION

**¶23** Pelchat argues the superior court erred in holding the statute of limitations bars her wrongful death claims. We review a superior court's decision not to apply equitable tolling for an abuse of discretion. *McCloud v. State*, 217 Ariz. 82, 86–87, ¶ 10 (App. 2007). We review *de novo* the dismissal of a complaint under Arizona Rule of Civil Procedure 12(b)(6). *Coleman*, 230 Ariz. at 355, ¶ 7.

## I. The Superior Court Did Not Abuse Its Discretion in Declining to Apply Equitable Tolling.

**¶24** Pelchat argues the superior court abused its discretion in not applying equitable tolling. Pelchat provides the same two arguments for equitable tolling that she provided to the court: fraudulent concealment and extraordinary circumstances.

6

**¶25** Pelchat alleges Defendants engaged in fraudulent concealment by "misleading [her] about the severity of Decedent's condition and the treatment she was receiving during her hospitalization" and by delaying the release of Decedent's medical records. Fraudulent concealment tolls the statute of limitations until "such concealment is discovered, or reasonably should have been discovered." *Walk v. Ring*, 202 Ariz. 310, 319, ¶ 35 (2002) (quoting *Acton v. Morrison*, 62 Ariz. 139, 144 (1945)). Even assuming the truth of Pelchat's allegations, the statute would only have been tolled until "mid-January 2022" when she received medical records from Banner Health—the latest day her claim could have accrued. Pelchat fails to show the superior court abused its discretion in declining to toll the statute of limitations beyond the date of accrual.

**¶26** As for extraordinary circumstances, Pelchat argues the bar of ordinary negligence liability by A.R.S. § 12-516 until this court's decision in *Roebuck* created a "lack of clarity in the law" warranting equitable tolling. We disagree. A.R.S. § 12-516 is unambiguous. *Roebuck*, 256 Ariz. at 166, ¶ 14. Section 12-516(A) holds healthcare providers not liable for damages in a civil action for ordinary negligence where the healthcare provider acted in good faith. Each of Pelchat's ordinary negligence claims state Defendants discriminated against Decedent for being unvaccinated, denied Decedent access to drugs, and blocked Decedent from communicating with her medical power of attorney. In Count III of the FAC, Pelchat further alleges Defendants used fraudulent means to provide medical interventions and abused unvaccinated patients by—among other things—denying them water and food. In other words, Pelchat alleged Defendants did *not* treat Decedent in good faith. Section 12-516(A) did not bar Pelchat's simple negligence claims as pled. Pelchat could have filed her FAC—including her ordinary negligence claims—even before the statute was found unconstitutional. She thus fails to show how section 12-516 prevented her from filing a timely complaint.

**¶27** Finally, Pelchat argues the lack of attorneys and medical experts willing to get involved in her case also warranted equitable tolling of her claims. Because a lack of legal counsel or a medical expert do not ordinarily warrant equitable tolling, we cannot say the superior court abused its discretion in declining to equitably toll the statute of limitations. *See Johnson v. United States*, 544 U.S. 295, 311 (2005) ("[W]e have never accepted *pro se* representation alone . . . as an excuse for prolonged inattention when a statute's clear policy calls for promptness."); *Thompson v. Pima County*, 226 Ariz. 42, 47, ¶ 14 (App. 2010) (holding that lacking an expert opinion did not toll the statute of limitations).

¶28 Because the superior court did not abuse its discretion, we affirm the court's refusal to apply equitable tolling.

## II. At the Latest, Pelchat's Claim Accrued the Date She Received Medical Records.

¶29 Pursuant to A.R.S. § 12-542(2), a wrongful death action must be brought within two years of the date of death. However, the discovery rule tolls the statute of limitations until "the plaintiff knows or with reasonable diligence should know the facts underlying the cause." *Satamian v. Great Divide Ins. Co.*, 257 Ariz. 163, 170, ¶ 13 (2024) (citation omitted). The facts underlying the cause include both the "what" and the "who" elements of causation. *Walk*, 202 Ariz. at 316, ¶ 22. And the statute of limitations is tolled until only after the plaintiff has a reason to connect those two elements "in such a way that a reasonable person would be on notice to investigate whether the injury might result from fault." *Id.*

¶30 The court "may determine the date of accrual as a matter of law," *Kopacz v. Banner Health*, 245 Ariz. 97, 100, ¶ 11 (App. 2018), but if there are disputed material facts, accrual is "usually and necessarily [a] question[] of fact." *Walk*, 202 Ariz. at 316, ¶ 23.

¶31 The FAC alleged Pelchat "became concerned about the legality of Defendants' conduct" when she received Decedent's medical records in "mid-January 2022." Upon receipt of those records, Pelchat was "on notice to investigate" whether Decedent's death resulted from Banner Health's fault. *Id.* at ¶ 22. She had all the "facts giving rise to [her] cause of action" and "only their legal significance required further evaluation." *Kowske v. Life Care Ctrs. of Am., Inc.*, 176 Ariz. 535, 537 (App. 1993), *disapproved of on other grounds by Walk*, 202 Ariz. at 316–17, ¶ 25. Pelchat's claims accrued, at the latest, upon her receipt of the medical records in "mid-January 2022."

¶32 Based on the face of the complaint and indulging "all reasonable inferences therefrom in favor of the nonmoving party," *Steinberger v. McVey*, 234 Ariz. 125, 131, ¶ 23 (App. 2014), we cannot say as a matter of law that Pelchat's claims are time-barred. In other words, we cannot say as a matter of law that January 23rd does not fall in "mid-January." And if "mid-January 2022" includes the 23rd of the month, Pelchat may have timely filed her claims within two years of their accrual. Further discovery may reveal that Pelchat's claims accrued earlier, but we cannot say that the face of the FAC conclusively shows that Pelchat's claims

are time-barred. We therefore vacate the superior court's dismissal of Pelchat's wrongful death claims.

## CONCLUSION

**¶33** We affirm the superior court's refusal to apply equitable tolling but vacate the court's judgment dismissing Pelchat's wrongful death claims and remand for proceedings consistent with this decision.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**: JR